Vidya V. SHARMA, Plaintiff–
Appellant,

v.

OHIO STATE UNIVERSITY, John
Riedl and Edward John Ray,
Defendants–Appellees.

No. 00–3331.

United States Court of Appeals,
Sixth Circuit.

Nov. 28, 2001.

---

Before RYAN and COLE, Circuit Judges, and WILLIAMS, District Judge.[*]

RYAN, Circuit Judge.

This case arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1983. The plaintiff, Vidya V. Sharma, alleges that the defendants Ohio State University (OSU), John Riedl, and Edward John Ray: (1) discriminated against him based on his national origin, in violation of Title VII; (2) retaliated against him for complaints he filed with internal bodies of OSU, the Equal Employment Opportunity Commission (EEOC), and the Ohio Civil Rights Commission (OCRC); and (3) discriminated against him in violation of 42 U.S.C. § 1983. For the reasons stated below, we

shall affirm the district court's summary judgment dismissing the plaintiff's complaint.

## I. FACTUAL BACKGROUND

The facts of this case are well-known to the parties and do not merit extensive discussion; it will suffice to mention only the most salient details.

Vidya Sharma was born in India and moved to the United States in 1963. He has taught economics at OSU–Mansfield since 1970, where John Riedl is the dean/director. Edward John Ray served as the head of the OSU Economics Department and is currently the provost. In his duties as dean/director, Riedl reports directly to Ray.

Since Riedl's appointment in 1986, the relationship between Riedl and Sharma has been strained. The plaintiff's brief recounts an exhaustive history of alleged harassment perpetrated by Riedl, which Ray did nothing to prevent. The allegations largely concern Sharma's conduct and Riedl's responses. Riedl asserts that any action taken against Sharma was an appropriate disciplinary response.

Sharma also alleges that he was routinely denied appropriate salary increases by Riedl, who was responsible for determining Sharma's salary. Early in his tenure as dean, Riedl had constructed a faculty evaluation system that based salary increases on a professor's performance. Sharma alleges that Riedl manipulated the system to minimize Sharma's salary increases. Riedl points out that any performance evaluation score Sharma received was contributed to and approved by the chair of the Economics Department and based on objective data.

[*] The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

Sharma filed complaints with the OCRC and the EEOC on November 5, 1993, December 13, 1994, December 15, 1995, and December 9, 1996. In response, a "right to sue" letter issued on November 17, 1997. He filed suit on February 5, 1998. More than a year later, defendants filed a motion for summary judgment which the district court granted in full. Sharma appealed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*. *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1010 (6th Cir.1999). A grant of summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). No genuine issue of material fact exists when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party bearing the burden of proof must present a jury question as to each element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. DISCUSSION

As a preliminary matter, we note that there is some confusion in the record concerning whether Riedl and Ray are being sued in their individual or official capacities. The district court assumed at one point in its opinion that the suit against Riedl and Ray was in their official capacities. At another point it considered suits against Riedl and Ray in their individual capacities. The plaintiff's briefs on appeal

do nothing to clarify the matter. Nonetheless, the plaintiff's amended complaint states that both Riedl and Ray are sued in their "personal and official capacit[ies]." Giving the plaintiff the benefit of the doubt, we will consider his claims against Riedl and Ray in both their individual and official capacities.

#### 1. Title VII—Harassment

##### a. *Prima Facie* Case

Sharma alleges that Riedl harassed him due to his national origin and that Ray did nothing to prevent the harassment. Such action, he contends, exposes Riedl, Ray, and OSU to Title VII liability. Under Title VII, an employer is prohibited from discriminating against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

Under Title VII, Sharma cannot recover against Riedl and Ray in their individual capacities. It is well-settled in this circuit that a supervisor or employee cannot be held liable for a Title VII violation unless he otherwise qualifies as an "employer." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir.), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657, 148 L.Ed.2d 560 (2000); *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 n. 1 (6th Cir.2000). Sharma does not allege that Riedl or Ray meet this test. Thus, Sharma's Title VII claims against Riedl and Ray in their individual capacities were properly dismissed on summary judgment.

The claims against OSU, and Riedl and Ray in their official capacities, were also properly dismissed, but on different grounds. The plaintiff in a Title VII case bears the initial burden of proving discrimination by the defendant.

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiff can satisfy this burden by presenting direct evidence of discriminatory actions by the defendant or by showing the existence of circumstantial evidence that creates an inference of discrimination. *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir.1995). Under the latter approach, to establish a *prima facie* case, the plaintiff must show that: (1) he is a member of a protected class; (2) he was subject to an adverse employment action; (3) he was qualified; and (4) he was treated less favorably than a similarly situated employee outside of the protected class. *Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 626 (6th Cir.2000). Once the plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Hall*, 215 F.3d at 626. If the defendant does so, the burden shifts back to the plaintiff to prove the reason advanced is pretextual. *Id.*

■ Sharma failed to prove his *prima facie* case. It is undisputed that as an Indian-born individual, Sharma is a member of Title VII's protected class. Moreover, he was subject to an adverse employment action in the form of lesser salary increases. Nonetheless, as the district court found, Sharma failed to present any evidence that he was qualified for pay increases. Even if he was qualified, he failed to prove that the adverse action caused him to be treated differently than similarly situated employees.

In its discussion of Sharma's qualifications for increased raises, the district court stated that Sharma's disagreement with the scores he received demonstrate nothing more than his own subjective belief that he should have been scored higher. We agree. The essence of Sharma's argument appears to be as follows: that his salary increases are lower under Riedl than under his predecessor; that his salary is not equal to professors on the OSU main campus; that Riedl did not lower the score of other underperforming faculty as much as he should have; that Riedl did not provide department heads information that would allow them to evaluate faculty relative to one another; and that he received only a 25 percent salary increase over 10 years though his evaluation score was higher than a professor receiving a 40 percent increase. Even if true, these arguments do nothing to demonstrate that Sharma was qualified for a higher score. They demonstrate only that Sharma was paid less than some other professors. While Sharma claims that Riedl deliberately underreported Sharma's scores on his evaluation, he offers no argument regarding the scores he should have received.

Furthermore, Sharma does nothing to prove that he was treated differently than similarly situated professors. In short, he cannot satisfy the "similarly situated" *prima facie* element because he advances no argument on the point. Thus, Sharma fails to satisfy his burden of proving a *prima facie* case of discrimination regarding salary.

### b. Pretext

■ Even if Sharma satisfied the *prima facie* requirements of a Title VII violation, he has done nothing to rebut the nondiscriminatory reasons advanced by OSU for the adverse employment action. In his briefs, Sharma devotes considerable effort to alleging a pattern of abusive behavior by Riedl. Presumably he is attempting to demonstrate that Riedl held discriminatory intent. But it is difficult to parse from Sharma's extensive allegations any response to OSU's argument that every action taken by Riedl, and presumably rati-

fied by Ray, was warranted. Sharma claims that Riedl manipulated the evaluation system and that this proves that the evaluation scores given by Riedl were pretext for discrimination. But Sharma offers no support for this contention. Finding none in the briefs or record, we conclude that the district court appropriately granted the defendants' motion for summary judgment on the Title VII disparate treatment claim.

### 2. Title VII Retaliation Claims

■■■■ Sharma's claims of retaliation under Title VII also fail. In order to state a claim for retaliation under Title VII, a plaintiff must show:

(1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Morris*, 201 F.3d at 792 (emphasis omitted). Once the plaintiff's burden has been met, "the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." *Id.* at 793 (quoting *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. 1817). If the employer cannot establish a legitimate reason for its actions, the plaintiff prevails. *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir.2000). If the defendant can establish a legitimate reason for its actions, however, then the plaintiff must demonstrate, by a preponderance of the evidence, that the defendant's proffered reason was pretextual. *Gribcheck v. Runyon*, 245 F.3d 547, 552 (6th Cir.), *cert. denied sub nom.*, —— U.S. ——, 122 S.Ct. 217, —— L.Ed.2d —— (2001).

The record is clear that Sharma has failed to meet his burden of making out a *prima facie* Title VII retaliation claim. While it is undisputed that the plaintiff filed numerous discrimination complaints and that a series of diminished salary increases suffices as an adverse employment action, these alone are not enough to carry the plaintiff's burden. As the district court found, Sharma has shown no causal connection between the protected activity and the adverse employment action. Again, the plaintiff demonstrates only that his performance scores and salary were lower than some other professors. Before this court, the plaintiff argued that he was entitled to an inference of causation. But the inference alone will not carry the plaintiff's burden. Finding no support for causation in the record, Sharma fails to state his *prima facie* case for retaliation. For this reason, the district court properly granted the defendants' motion for summary judgment on the Title VII retaliation claim.

### 3. Section 1983 Claims

Sharma claims that Riedl harassed him due to his national origin and that Ray did nothing to prevent the harassment, in violation of 42 U.S.C. § 1983. Regardless of whether the defendants Riedl and Ray were sued in their individual or official capacities, the defendants are entitled to summary judgment.

■■■■ Sharma cannot state a claim against Riedl and Ray in their official capacities. It is a well-settled principle that the Eleventh Amendment bars suit against a state. *Johnson*, 215 F.3d at 571 (citing *Quern v. Jordan*, 440 U.S. 332, 350, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)). State officials acting in their official capacities are immune from suit for damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45

(1989); *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir.2000), *cert. denied sub nom., McKay v. United States*, —— U.S. ——, 121 S.Ct. 1230, 149 L.Ed.2d 139 (2001). Here, Sharma sought only money damages against Riedl and Ray. Thus, in their official capacities they are immune from suit.

 Summary judgment is appropriate even if Sharma were suing the defendants in their individual capacities. As this court has stated: "The showing a plaintiff must make to recover on an employment discrimination claim under Title VII mirrors that which must be made to recover on an equal protection claim under section 1983." *Morris*, 201 F.3d at 794. As we stated above, Sharma has failed to meet his Title VII burden and his claims were properly dismissed. For those reasons, summary judgment for the defendants on Sharma's § 1983 claim is also appropriate.

### III.

For the reasons stated herein, we AFFIRM the judgment of the district court.