**Saundra F. TURNEY, Plaintiff–Appellant,**

v.

**CATHOLIC HEALTH INITIATIVES,** doing business as Memorial Hospital of Chattanooga; Sisters of Charity of Nazareth Health Corporation; Clark Taylor; Sue Matthews; Pam Puckett; Connie Atkins, Defendants–Appellees.

No. 01–6256.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER,

Circuit Judges; COHN, District Judge.*

Saundra F. Turney, a pro se plaintiff, appeals the district court's order denying her amended employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Rehabilitation Act, the Tennessee Human Rights Act (THRA), the Family Medical Leave Act (FMLA), and 42 U.S.C. §§ 1982, 1983, 1984, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $800,000 in damages and injunctive relief, Turney sued her former employer, Catholic Health Initiatives, doing business as Memorial Hospital, the CEO and president of the hospital (Taylor), the Sisters of Charity of Nazareth Health Corporation, her supervisor (Atkins), and four other hospital employees (Matthews, Puckett, Ford, and Owens), for the allegedly wrongful termination of her employment in September 1999, when she was discharged for sleeping on the job. She first filed a charge with the Equal Employment Opportunity Commission, which issued a right-to-sue letter on October 27, 1999. The defendants filed a motion for summary judgment, supported by affidavits and other exhibits. Turney did not respond.

The district court granted the defendants' motion for summary judgment in a memorandum and order entered on September 28, 2001. In so doing, the district court noted that Turney had failed to respond to the defendants' dispositive motion and that, while all evidence was viewed in Turney's favor, none of the evidence had been submitted by her. In analyzing the merits of Turney's claims, the district court found no direct evidence of race or age discrimination and that Turney had not established a prima facie case based on circumstantial evidence. The district court further found that Turney failed to allege which hospital policies have a disparate impact on African–Americans and provided no evidence of such disparate impact. Citing applicable case law, the district court noted that the individual defendants are not liable under Title VII, the ADA, the ADEA, or the THRA. Furthermore, in her deposition Turney admitted that her jaw condition does not qualify as a disability for purposes of the ADA or Rehabilitation Act. Finally, the district court found that the FMLA is totally inapplicable.

On appeal, Turney argues that: (1) the district court incorrectly found that there were no genuine issues of material fact with respect to her disparate treatment claim, and (2) the magistrate judge showed bias in favor of the defendants.

Upon review, we affirm the district court's order for the reasons stated by the district court in its accompanying memorandum. This court reviews *de novo* a district court's grant of summary judgment. *Strouss v. Michigan Dep't of Corr.,* 250 F.3d 336, 341 (6th Cir.2001). "Summary judgment is appropriate if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Id.* In reviewing the district court's judgment, this court construes the evidence and all inferences to be

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

drawn therefrom in a light most favorable to the nonmoving party. *Id.* However, " '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

■ Turney first argues that the district court erred in finding there was no genuine issue of material fact as to her disparate treatment claim. However, she defaulted this issue by failing to respond to the defendants' motion for summary judgment by producing "affirmative evidence capable of raising a material question of fact." *McKay v. Thompson,* 226 F.3d 752, 755 (6th Cir.2000), *cert. denied,* 532 U.S. 906, 121 S.Ct. 1230, 149 L.Ed.2d 139 (2001). Turney complains in her appellate brief that she never received a letter from defense counsel regarding the defendants' motion for summary judgment.

Turney's argument is unavailing. A number of other circuits have held that a pro se party, particularly where that party is also a prisoner, must have notice of the consequences of failing to respond to a summary judgment motion and fair notice of the requirements of the summary judgment rule before summary judgment may be entered against her. *See, e.g., Kelley v. McGinnis,* 899 F.2d 612, 615 (7th Cir. 1990); *Klingele v. Eikenberry,* 849 F.2d 409, 411 (9th Cir.1988); *Graham v. Lewinski,* 848 F.2d 342, 344 (2d Cir.1988). This circuit has not adopted that rule. *See Williams v. Browman,* 981 F.2d 901, 903–04 (6th Cir.1992). Moreover, while this court has held that a party's verified complaint may be considered as evidence in establishing a genuine issue of material

fact, *see id.* at 904, Turney did not verify her amended complaint or state that her allegations were made under penalty of perjury. Thus, they are not sufficient to defeat the defendants' motion. Furthermore, the certificates of service for both the motion for summary judgment and the supporting memorandum indicate that a copy of each, along with their attached exhibits, were mailed to Turney and she does not claim that she did not receive those documents. In reviewing the evidence that was submitted, we conclude that the district court properly granted summary judgment for the defendants in this case.

■ Turney also asserts on appeal that the magistrate judge was biased against her. This issue is wholly without merit. Turney points to nothing in the record that would support such a claim and appears to be merely unhappy with several pretrial rulings by the magistrate judge. A judicial ruling which does not reflect an improper antagonism does not present a valid basis for a finding of bias or impartiality. *Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.