**Thomas Robert PETERSON, Plaintiff–Appellant,**

v.

**CITY OF DETROIT, Defendant–Appellee.**

No. 03–1122.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2003.

Before DAUGHTREY and MOORE, Circuit Judges; and CALDWELL, District Judge.*

### ORDER

Thomas Robert Peterson, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the Privacy Act, 5 U.S.C. § 552a. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 12, 2002, Peterson filed a complaint against the City of Detroit. Peterson alleged that he applied for a taxicab license, and that his application was denied because he refused to disclose his social security number on the application. Peterson alleged that the requirement that he disclose his social security number violated the Privacy Act.

Peterson subsequently filed three motions to amend his complaint. On December 18, 2002, the district court denied Peterson's first two motions to amend. On January 23, 2003, the district court denied Peterson's third motion to amend and dismissed Peterson's complaint. Peterson has filed a timely appeal.

We review de novo the district court's dismissal of a suit pursuant to Fed. R.Civ.P. 12(b)(6). *James v. Meow Media, Inc.*, 300 F.3d 683, 689 (6th Cir.2002). *cert. denied*, 537 U.S. 967, 123 S.Ct. 967, 154 L.Ed.2d 893 (2003); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). When considering a Fed. R.Civ.P. 12(b)(6) motion to dismiss, "[t]he district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Tatum*, 58 F.3d at 1109; accord *James*, 300 F.3d at 689.

■ Peterson's complaint alleged a violation of § 7(a)(1) of the Privacy Act, an uncodified provision of the Privacy Act. *See McKay v. Thompson*, 226 F.3d 752, 755 (6th Cir.2000). Section 7(a)(1) prohibits "any Federal, State or local government agency [from denying] to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." However, a subsequent amendment to the Social Security Act permits states to require disclosure of social security numbers in the administration of its driver's license law. 42 U.S.C. § 405(c)(2)(C)(i). Thus, § 7 of the Privacy Act, insofar as it relates to the "privilege" at issue in this case, has been superceded by a subsequent amendment to the Social Security Act. 42 U.S.C. § 405(c)(2)(C)(v) (stating that "[i]f and to the extent that any provision of Federal law heretofore enacted is inconsistent with the policy set forth in clause (i), such provision shall, on and after October 4, 1976, be null, void, and of no effect"). We therefore conclude that the district court properly dismissed Peterson's complaint, because it fails to state a claim upon which relief may be granted.

We further conclude that the district court properly denied Peterson's motions to amend his complaint. Generally, a district court's decision to deny a plaintiff's motion to amend his complaint is reviewed under an abuse of discretion standard. *Crawford v. Roane*, 53 F.3d 750, 753 (6th

---

* The Honorable Karen Caldwell, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Cir.1995). However, when the district court's decision to deny a motion to amend is based on "a legal conclusion that the amended pleading would not withstand a motion to dismiss," this court reviews that decision de novo. *Fisher v. Roberts,* 125 F.3d 974, 977 (6th Cir.1997) (quoting *LRL Properties v. Portage Metro. Hous. Auth.,* 55 F.3d 1097, 1104 (6th Cir.1995)).

■ In his first and third motions to amend his complaint, Peterson sought to add additional claims, based upon the same facts, under 42 U.S.C. § 1983 and § 7(b) of the Privacy Act. Peterson's purported § 1983 claim was based upon his contention that the City violated § 7(a)(1) of the Privacy Act. As indicated above, however, § 7(a)(1) has been superceded by § 405(c)(2)(C)(i). Furthermore, like § 7(a) of the Privacy Act, the validity of § 7(b) is questionable after the enactment of § 405(c)(2)(C)(i) and (v). Hence, the district court properly concluded that any amendment to Peterson's complaint to assert a § 1983 or § 7(b) claim would be futile and could not survive a motion to dismiss.

■ Peterson has waived appellate review of the district court's denial of his second motion to amend his complaint because his appellate brief does not contain any argument as to why the district court's denial of such motion was improper. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.