(Judge Day, of the Third Circuit, taking the place of Judge Shauck.)

## HENRY STALEY V. AMOS WOOLLEY.

1. OWNER OF LIFE ESTATE IS OWNER OF HOMESTEAD.

An instrument of lease, conveying to the grantee named an absolute estate for life in a tract of land, including dwelling house and other buildings, and containing provisions forfeiting said life estate only for waste, non-payment of taxes, and in case a sale thereof on execution is permitted, constitutes such grantee the owner of a homestead, and entitled to its benefits, within the meaning of the law relating to homesteads and exemptions.

2. CANNOT CLAIM EXEMPTION IN LIEU OF.

Such grantee, while in undisputed possession of the premises under said lease, and actually occupying and using them as the home of his family, is not entitled to the exemptions of personal property, in lieu of a homestead, provided in sec. 544, Rev. Stat.

ERROR to the Court of Common Pleas of Shelby county.

DAY, J.

The action in the common pleas was by Amos Woolley, Jr., against Henry S. Staley, as constable, to recover the value of certain personal property taken by the constable to satisfy an execution duly issued against Woolley. The petition filed in the case alleged in substance, that Woolley is the head of a family, and not the owner of a homestead; that he was the owner of personal property described, of the value of one hundred and fifty dollars; that an execution had been issued on a judgment before that time rendered against the plaintiff, which came into the hands of the defendant, who was a constable, and was by him levied on said personal property of plaintiff, and that, notwithstanding plaintiff claimed said property was exempt from sale by the law, and demanded that the same be set off to him in lieu of a homestead, the defendant, as such constable, disregarded his rights and his demand to have said property set off to

m, and sold the said property under the execution, and applied the proceeds of the sale in satisfaction of the execution. The plaintiff prays judgment against the constable for $150.00. Staley defended against the suit, and by his answer filed, admitted all the averments of plaintiff made in the petition, except that the plaintiff was not the owner of a homestead, which averment is denied, and so issue was joined on the single proposition that Woolley was not the owner of a homestead. The case was tried to a jury, on that issue, resulting in a verdict for Woolley for the amount found to be the reasonable value of the property.

A motion for a new trial was overruled by the court, and judgment was entered on the verdict as returned. A bill of exceptions, embodying all the evidence and the charge of the court, was taken and filed with a petition in error in this court.

. It is said there is error appearing in the record, prejudicial to the plaintiff in error, in the particulars following:

1. The court erred in its charge to the jury. 2. That the evidence adduced did not warrant or sustain the verdict.

The undisputed facts, as appears from the bill of exceptions, are substantially as follows: At the time of the sale of the personal property, by the constable, and for a considerable time prior thereto, and at the time this suit was instituted and tried, Woolley, with his family, was in the unquestioned possession of a tract of one hundred and thirty acres of improved farm lands, on which was a dwelling house and other buildings, occupied and used as a home for himself and his family, under and by virtue of an instrument of lease, which, for a valid consideration, had been duly executed and recorded, vesting in him an absolute estate during his natural life, on certain conditions to be performed by him, to-wit: that he should pay the taxes; should not commit waste, and should not permit the estate to be sold on legal process, and forfeiting the life estate in case these conditions were broken.

Did the instrument of lease in question, vesting an estate for life in Woolley, subject only to the conditions of forfeiture named, and his actual occupation and use of the same as a home for his family, confer such title and interest in him as, within the provisions and meaning of the law relating to homestead, constituted him "the owner of a homestead," and entitled to enjoy its benefits? Was he an owner of a homestead within the meaning of section 5441 of the Revised Statutes?

Counsel for defendant in error argued most earnestly, and cited authority to uphold his contention, that the interest vested in defendant by the lease was not sufficiently absolute to constitute him an owner; that there are too many conditions imposed, and especially is the condition avoiding the lease in case a sale thereof on execution is permitted, of such character and significance, as to defeat and render null the attempted creation of an estate and ownership in Woolley; making him, in effect, merely a tenant on sufferance or during good behavior; and that in order to constitute him an owner of a homestead, in contemplation of the statute, there must be vested in him, by the instrument creating it, an absolute estate, such a one as would be liable and subject to seizure and sale on execution or other legal process; which is not done by the lease in question, for by an express provision, the estate vested is withdrawn from liability to seizure or sale by legal process. The court below adopted the views urged by counsel for defendant in error, and in its charge to the jury instructed it along those lines, in substance, that under the facts shown, the estate conveyed by the lease, not being subject to seizure and sale on execution, was not such an estate as in law constituted Woolley the owner of a homestead, and that if he was not such owner, he was entitled to avail himself of the benefit of the provisions of section 5441, Revised Statutes, and hold exempt personal property not exceeding in value $500.00, in lieu of a homestead. The jury following the instructions given, returned a verdict in favor of Woolley.

The legislative purpose in the enactment of the homestead law, was a conservative and for the public good, and its enactment was dictated and enforce by a sound public policy. The spirit of the law is beneficent and merciful. It i liberal, and its provisions are to be liberally construed, so as not to turn away o defeat the object of its enactment; which was the welfare of the family and th integrity of the home of the family. Says Judge Scott, *Sears* v. *Hanks*, 14 O. S. 298, 301: "The humane policy of the homestead act seeks not the protection o the debtor, but its object is to protect his family from the inhumanity which would deprive its dependent members of a home  *  *  *  and in aid of thi wise and humane policy the whole act should receive as liberal a construction a can be fairly given it."

Strictness in construction is to be eschewed, and all is to be friendly to and for the beneficial interest of the family relation. The character of the home, whether elegant or humble, is not an element of the problem; nor is the tenure by which it is held. The material facts necessary to exist in order to call into action the beneficent provisions of the law, are; there must be a family, and the head of the family must be the owner of a homestead—a place that it rightfully occupies and uses as its home. It is true, the term "owner," when used alone, imports an absolute owner; one who has complete dominion of the property owned, as, the owner in fee, of real property; but the meaning of the word is often varied, according to the subject-matter to which it relates. If we give the term a liberal construction, in the light of the connection in which it is used, the provisions of the act of which it is a part, and the beneficial results to be accomplished, there can be no question as to its real significance. The idea of the term "owner," as used in the homestead act, is not that of absolute ownership in fee. Of course, the tenure may be a fee simple, but it may also be very much less than a fee. Almost any ownership, if it is rightful and beneficial, will meet all the requirements of the statute. On this head, Scott, J., *supra*, speaking for the entire court, says: "We think its provisions protect the debtor's family, as against his creditors, in the enjoyment of an actual homestead, irrespective of the title or tenure by which it is held."

The statute defines and makes clear its own meaning, and extends its beneficent provisions to all sorts of owners. Section 5436, Revised Statutes, provides, in substance, that owners of a superstructure of a dwelling house, occupied as a homestead, although on the lands of another, and also lessees, shall be entitled to the benefits of the homestead law, the same as the owner of the freehold or inheritance. In the case of *Colwell* v. *Carper*, 15 O. S., 279, the Supreme Court held, that tenancy of a house, stable and parcel of land for a single year was not ownership of a homestead within the meaning of the section, and for the reason the tenant did not claim the same as a homestead. The tenant might waive his right by not asserting it; but the court in commenting on the question says: "The section means that such lessee shall not be deprived of the benefit of claiming his tenancy as a homestead, if he shall choose to claim it." Thus substantially holding that a lessee for a single year, is sufficiently an owner within the meaning of the statute, to entitle him to the benefit of the law, if he sees proper to assert a claim. Nor do we think this holding of the Supreme Court in any way modified or adversely affected by the condition, in the instrument of lease avoiding it if a sale on legal process is allowed. The right to possess and use property is ownership, and not the less so that the subject of ownership is exempt from sale on execution. Indeed, in such case the ownership would be more absolute, better and of vastly more value; and this is so whether freedom from the operation of an execution is produced and secured by the beneficent and merciful provisions of law or by the beneficent and compassionate forethought of the grantor, in creating and carving out the estate. It makes for nothing against the estate—the homestead—that the law and the grantor concur in an effort to benefit the owner, by withdrawing it from liability to be sold away from his dependent family; and that is the precise situation we have here. The

law exempts the homestead from sale, and that is what the grantor has done by incorporating the condition complained of in the instrument of lease; and the fact that he did so, suggests the probability that he had in mind the welfare of the grantee's family, and anticipating the purposes of the homestead act, designedly created a homestead, of even greater extent and value than the law would give, and made it sure and permanent by providing that it should not be taken away from the family by legal process. This wise provision is in the interest of Woolley and his family, and he, certainly, ought not to complain while continuing to enjoy, to the fullest extent, the benefits thus secured to him. Woolley has been in possession of this estate ever since it was created, openly and notoriously occupying it with his family, and actually using it as the home of his family, and no one has disputed or questioned his right to do so. He was so occupying it at the time Staley, as constable, executed his personal property to pay his honest debt; and so at the time this case against the constable was tried in the court below. True, when he began his action against the constable, in his petition, he disclaimed ownership—averred he was not the owner of a homestead; but that was only a declaration; was inconsistent with his acts and conduct, and only to be regarded at its real value. Mere words are easy, and cheap, and not nearly so significant as acts and conduct. By the latter, Woolley asserted a claim to the homestead, by actually and publicly occupying and using it, and enjoying, without molestation, its benefits.

Under the circumstances, we think, Mr. Woolley, while owning, by his conduct claiming, and with his family actually enjoying the benefits of his homestead, cannot be heard to disclaim the fact in order to secure still further benefits under sec. 5441, Rev. Stat.

Entertaining these views, we are of the opinion that the instruction given the jury by the court below, was not correct—not in accord with the plain purpose of the statute and the decisions of our court of last resort; the verdict of the jury was not warranted or sustained by either the law or the facts, but was manifestly against both, and should have been set aside and a new trial granted. The conclusion reached in this case is sustained by the case of *Biddinger* v. *Pratt*, 50 O. S., 719, decided by the Supreme Court after the decision of this case.

For these reasons the judgment is reversed.

*Davies & Hoskins*, for plaintiff in error.

*H. Wilson* and *Jas. E. Way*, for defendant in error.