In re Larry D. STORER and Margaret K. Storer, Debtors.

Larry D. STORER and Margaret K. Storer, Debtors, Plaintiffs–Appellants,

v.

Bruce C. FRENCH, Trustee, Defendant–Appellee.

No. 94–3295.

United States Court of Appeals, Sixth Circuit.

Argued May 18, 1995.

Decided July 13, 1995.

Benjamin F. Yale, Waynesfield, OH (argued and briefed), for plaintiffs-appellants.

Bruce Comly French, Lima, OH (argued and briefed), for defendant-appellee.

Before: MILBURN and SILER, Circuit Judges; COOK *, Chief District Judge.

MILBURN, Circuit Judge.

Plaintiffs appeal the decision of the district court sustaining the bankruptcy court's ruling that 11 U.S.C. § 522(b)(1) and Ohio Revised Code § 2329.662 were not unconstitutional. On appeal, the issues are (1) whether Ohio Revised Code § 2329.662 violates the Privileges and Immunities Clause of the Fourteenth Amendment to the Constitution of the United States by denying citizens of Ohio the right to exercise federal bankruptcy exemptions, (2) whether Ohio Revised Code § 2329.662 is invalid under the Supremacy Clause of the Constitution of the United States, and (3) whether 11 U.S.C. § 522(b)(1) violates the Fifth Amendment to the Constitution of the United States by denying citizens of Ohio either due process of law or equal protection of the laws. For the reasons that follow, we affirm.

## I.

At all times relevant to this appeal, plaintiffs Larry D. Storer and Margaret K. Storer were citizens of the State of Ohio. On October 7, 1992, plaintiffs filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. §§ 101–1330. In the schedules accompanying their bankruptcy petition, plaintiffs claimed an interest in real estate valued at $22,000 with a mortgage balance of $7800, leaving a net equity of $14,200. Plaintiffs claimed a homestead exemption for the $14,200 equity in the real estate pursuant to the federal bankruptcy exemption statute, 11 U.S.C. § 522(d)(1), which, at the time, entitled debtors to a homestead exemption of up to $7500, or $15,000 in the case of joint debtors.

Defendant Bruce C. French, trustee of plaintiffs' bankruptcy estate, objected to the claim of the federal homestead exemption because Ohio Revised Code § 2329.662, enacted pursuant to 11 U.S.C. § 522(b)(1), denies debtors the use of the federal bankruptcy exemptions of 11 U.S.C. § 522(d) and allows a homestead exemption of up to only $5000, or $10,000 in the case of joint debtors. Plaintiffs submitted a memorandum to the bankruptcy court in which they argued that 11 U.S.C. § 522(b)(1) and Ohio Revised Code § 2329.662 were unconstitutional. The bankruptcy court rejected plaintiffs' arguments and ruled that both provisions were constitutional. Plaintiffs appealed to the district court, and the district court sustained the bankruptcy court. This timely appeal followed.

* The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

## II.

Bankruptcy Code § 522(d) entitles debtors to exempt certain property from their bankruptcy estate. 11 U.S.C. § 522(d). One such exemption, commonly referred to as the "homestead" exemption, provided, at the time of plaintiffs' petition, that a debtor may exempt up to $7500 in property used by the debtor as a residence. 11 U.S.C. § 522(d)(1) (1988).[1] Bankruptcy Code § 522(b)(1) gives the debtor a choice between exempting the property specified in Bankruptcy Code § 522(d) or exempting the property protected by federal nonbankruptcy law or state or local law "unless the State law that is applicable to the debtor ... specifically does not so authorize." 11 U.S.C. § 522(b)(1).[2] Thus, Congress vested states with the authority to deny their citizens the ability to use the federal exemption scheme embodied in Bankruptcy Code § 522(d). Ohio is one of the many states that has elected to "opt-out" of the federal exemption scheme. *See* Ohio Rev.Code § 2329.662.[3] Ohio has replaced the federal exemptions with its own state exemptions, which are those generally available to debtors under Ohio's general debtor-creditor law. Ohio's counterpart to the federal homestead exemption allows a debtor to exempt up to $5000 (instead of $7500 as under the federal exemption) in one parcel or item of property used by the debtor as a residence. Ohio Rev.Code § 2329.66(A)(1).[4]

■ Plaintiffs ask us to review the district court's determinations that Bankruptcy Code § 522(b)(1) and Ohio Revised Code § 2329.662 are not unconstitutional. Because those determinations are conclusions of law, we review them under the de novo standard. *Society Nat'l Bank v. Barrett,* 964 F.2d 588, 591 (6th Cir.1992).

### A.

■ Plaintiffs argue that Ohio Revised Code § 2329.662 violates the Privileges and Immunities Clause of the Fourteenth Amendment to the Constitution of the United States because it denies citizens of Ohio the right to exercise federal bankruptcy exemptions. Plaintiffs contend that as a result of Ohio's exemption scheme, citizens of Ohio receive a lesser right to discharge in federal bankruptcy proceedings than citizens of states who can utilize the federal exemptions.

1. That section provides:
   (d) The following property may be exempted under subsection (b)(1) of this section:
   (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
   11 U.S.C. § 522(d)(1) (1988). The section was amended in 1994 to allow the exemption of a debtor's aggregate interest up to $15,000 in value. Pub.L. No. 103–394, Title I, § 108(d), 108 Stat. 4112 (1994).

2. That section provides in relevant part:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
   (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place....
   11 U.S.C. § 522(b).

3. That section provides:
   Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(d).
   Ohio Rev.Code § 2329.662.

4. That section provides in relevant part:
   (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
   (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.
   Ohio Rev.Code § 2329.66(A)(1).

█ The Fourteenth Amendment forbids states from abridging the privileges and immunities that flow from national citizenship. U.S. Const. amend. XIV, § 1. This clause has been interpreted to protect only those rights that are unique to being a citizen of the United States rather than an individual state. *Shapiro v. Thompson,* 394 U.S. 618, 667, 89 S.Ct. 1322, 1348, 22 L.Ed.2d 600 (1969); *see also Slaughter–House Cases,* 83 U.S.(16 Wall) 36, 79–80, 21 L.Ed. 394 (1873). However, the Supreme Court has indicated that the Privileges and Immunities Clause of the Fourteenth Amendment affords no protection where Congress has imposed or authorized the infringement. *Shapiro,* 394 U.S. at 667, 89 S.Ct. at 1348. In *Shapiro,* two groups of appellees challenged the one-year welfare residence requirements of the states of Pennsylvania and Connecticut, which had been enacted pursuant to congressional authorization. In rejecting the appellees' Fourteenth Amendment privileges and immunities argument, the Court stated:

> This kind of objection to state welfare residence requirements would seem necessarily to vanish in the face of congressional authorization, for except in those instances when its authority is limited by a constitutional provision binding upon it (as the Fourteenth Amendment is not), Congress has full power to define the relationship between citizens and the Federal Government.

*Id.* at 668, 89 S.Ct. at 1349.

We believe that *Shapiro* forecloses plaintiffs' argument that Ohio Revised Code § 2329.662 violates the Privileges and Immunities Clause of the Fourteenth Amendment.[5] As the text of the statute indicates, Ohio Revised Code § 2329.662 was enacted pursuant to Bankruptcy Code § 522(b)(1), by which Congress vested states with the authority to deny their citizens the ability to use the federal exemption scheme embodied in Bankruptcy Code § 522(d). Because Ohio Revised Code § 2329.662 was enacted pursuant to this specific congressional authoriza-

tion, the Privileges and Immunities Clause of the Fourteenth Amendment affords plaintiffs no protection.

## B.

Plaintiffs also argue that Ohio Revised Code § 2329.662 is invalid under the Supremacy Clause of the Constitution of the United States. Specifically, plaintiffs argue that a state law cannot abridge or modify a federal law. In addition, plaintiffs argue that Congress cannot delegate the authority to promulgate exemption laws.

█ These arguments, however, were answered by our decision in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983), wherein we determined that Tennessee's opt-out provision, Tennessee Code Annotated § 26–2–112, was not invalid under the Supremacy Clause. In *Rhodes,* we stated:

> It is ... axiomatic ... that Congress has not preempted an area wherein it has legislated when it expressly and concurrently authorizes the state legislatures to disregard or opt-out of such federal legislative area. In such instance, rather than preempting the area, Congress expressly authorizes the states to "preempt" the *federal* legislation. Congress did not intend to preempt bankruptcy exemptions through the promulgation of 11 U.S.C. § 522(d) since it vested in the states the ultimate authority to determine their own bankruptcy exemptions.

*Id.* at 163 (emphasis in original). We noted that "the states are empowered to create whatever exemptions they elect," even if they are less inclusive (or more restrictive) than the exemptions afforded debtors by the federal exemption scheme. *Id.* (citing *McManus v. Avco Fin. Servs. (In re McManus),* 681 F.2d 353, 355–56 (5th Cir. 1982)). Likewise, " 'states may enact different exemptions which would possibly conflict

---

5. Consequently, it is not necessary for us to decide whether bankruptcy is a privilege or immunity of federal citizenship that is protected by the Fourteenth Amendment. We do note, however, that plaintiffs have not been deprived of the ability to discharge their debts in bankruptcy, even though they are entitled to exempt less property under Ohio law than under the federal exemption scheme.

with Congress' own exemption policy as it was reflected in § 522(d).'" *Id.* at 164 (quoting *McManus*, 681 F.2d at 357 n. 7). We also noted parenthetically that "'§ 522(b)(1) is not an unconstitutional delegation of congressional legislative power but rather is merely a recognition of the concurrent legislative power of the state legislatures to enact laws governing bankruptcy exemptions.'" *Id.* (quoting *Kosto v. Lausch (In re Lausch)*, 16 B.R. 162, 165 (M.D.Fla.1981)). We concluded:

> Indeed if Congress intended to foreclose the states from promulgating more restrictive exemptions it could simply have enacted the exemption scheme currently embodied in § 522(d) and not provided the states with an election to opt-out. The Supremacy Clause would have prevented the states from promulgating more restrictive and, therefore, inconsistent bankruptcy exemptions.

*Id.* The Ohio statute involved in this case is similar in purpose and effect to the Tennessee statute involved in *Rhodes*. Accordingly, *Rhodes* governs this case, and plaintiffs' argument that Ohio Revised Code § 2329.662 is invalid under the Supremacy Clause is without merit.

### C.

As a fallback to their Supremacy Clause argument, plaintiffs assert that Bankruptcy Code § 522(b)(1) and Ohio Revised Code § 2329.662 violate the Fifth Amendment to the Constitution of the United States by denying citizens of Ohio due process of law and equal protection of the laws. Because, under these circumstances, the Fifth Amendment has no application to the states, Ohio

Revised Code § 2329.662 cannot violate the Fifth Amendment. Moreover, plaintiffs have not raised due process or equal protection arguments under the. Fourteenth Amendment.[6] As we understand plaintiffs' arguments, they are arguing that Ohio Revised Code § 2329.662 is unconstitutional merely because it was enacted pursuant to Bankruptcy Code § 522(b)(1), which they claim violates the Fifth Amendment. Therefore, we are left only to determine whether Bankruptcy Code § 522(b)(1) violates the Due Process Clause of the Fifth Amendment (or the Due Process Clause's equal protection component).

We shall address plaintiffs' equal protection argument first. Specifically, plaintiffs argue that Congress has clearly indicated a *national* policy of fresh start and that denying residents of Ohio the same fresh start as debtors of another state is not equal protection of the laws.[7] "[B]ankruptcy legislation is in the area of economics and social welfare. This being so, the applicable standard, in measuring the propriety of Congress' classification, is that of rational justification." *United States v. Kras*, 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973) (citations omitted). Applying this deferential standard, we conclude that Bankruptcy Code § 522(b)(1) does not violate equal protection.

It was rational for Congress to want "to preserve the prerogative of the states to set exemptions for debtors as had been the practice under the old Bankruptcy Act." *Giles v. Credithrift of Am., Inc. (In re Pine)*, 717 F.2d 281, 282 (6th Cir.1983), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984). Likewise, it was rational for Congress to want "to create nationwide uniformi-

---

6. Because plaintiffs have not argued that Ohio Revised Code § 2329.662 violates the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment, we do not address these issues specifically, although the same analysis would apply as that we employ in addressing plaintiffs' Fifth Amendment arguments. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228, 43 L.Ed.2d 514 (1975) (stating that the equal protection approach under the Fifth Amendment is the same as the approach under the Fourteenth Amendment); *Richardson v. Belcher*, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971) (holding that federal statutes are consistent with the due process clause of the

Fifth Amendment if they meet the rational basis test).

7. We recognize that "[a] purpose of the Bankruptcy [Code] was to ensure that debtors be able to make fresh starts after bankruptcy.... But the clear language of the statute takes precedence over the more general rehabilitative policies underlying the [Bankruptcy Code]." *Giles v. Credithrift of Am., Inc. (In re Pine)*, 717 F.2d 281, 284 (6th Cir.1983) (citations omitted), *cert. denied*, 466 U.S. 928, 104 S.Ct. 1711, 80 L.Ed.2d 183 (1984).

ty by establishing one list of exemptions contained in the federal Bankruptcy Code." *Id.* at 282–83. Therefore, "a compromise bill containing elements of each plan" is supported by a rational basis. *Id.* at 283. Accordingly, we reject plaintiffs' equal protection argument.

We shall now address plaintiffs' due process argument. Because bankruptcy is in the area of economics and social welfare and is not a fundamental right, bankruptcy laws are reviewed only for a rational basis under due process standards. *See Kras,* 409 U.S. at 446, 93 S.Ct. at 638; *United States v. Carolene Prods. Co.,* 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938) ("where the legislative judgment is drawn in question, [the inquiry] must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for [the legislation]"). As earlier stated, it was reasonable for Congress, as a compromise between two rational alternatives, to pass legislation that contains elements of each of those alternatives.

As part of plaintiffs' due process argument, they claim that Bankruptcy Code § 522(b)(1) is the law of the land; thus, it cannot have the effect of being applied differently based merely on state citizenship. We believe that this assertion is nothing more than another way of arguing that Bankruptcy Code § 522(b)(1) is not a uniform law. However, we have previously concluded that "11 U.S.C. § 522(b)(1), which authorizes states to opt-out of the federal exemption scheme allowing the states to elect differing exemption structures, is an exercise of the legislative prerogative to establish a 'uniform law' and therefore falls within that scope of authority provided to Congress in the Bankruptcy Clause." *Rhodes,* 705 F.2d at 162; *see also Hanover Nat'l Bank v. Moyses,* 186 U.S. 181, 190, 22 S.Ct. 857, 861, 46 L.Ed. 1113 (1902) (holding that "[t]he general operation of the [exemption] law is uniform although it may result in certain particulars differently in different states"). Therefore, plaintiffs' due process argument is rejected.

## III.

For the reasons stated, the judgment of the district court is **AFFIRMED.**