**In re Harold E. KIMBLE and Christine E. Kimble, Debtors.**

No. 05–53517.

United States Bankruptcy Court, S.D. Ohio, Eastern Division, at Columbus.

June 13, 2006.

---

John R. Bates, New Philadelphia, OH, for Debtors.

## AMENDED MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO EXEMPTION

JOHN E. HOFFMAN, JR., Bankruptcy Judge.

Harold and Christine Kimble ("Debtors") hold a remainder interest in property located at 35900 Gundy Ridge Road, Scio, Ohio ("Property") and occupy the Property under an oral lease agreement with the life tenant, Dessie Kimble—Mr. Kimble's mother. The issue before the Court is whether the Debtors may exempt their remainder interest under the homestead exemption provided by Ohio Revised Code § 2329.66(A)(1)(b). Thomas Hazlett, the Chapter 7 Trustee ("Trustee"), has filed an objection to the claimed exemption ("Objection"), arguing that the Debtors' remainder interest in the Property is not exemptible as a homestead under Ohio law.

Ohio courts have yet to address the question of whether the holder of a remainder interest in real property on which he/she resides may claim a homestead exemption in that property if it is subject to the rights of a life tenant. Thus, the Court must predict how the Ohio Supreme Court would rule if it were confronted with this issue. Because the express terms of the statute do not preclude the exemption claimed by the Debtors, and because Ohio courts liberally construe exemption laws in favor of debtors and their dependents, the Court concludes that the Debtors' remainder interest in the Property qualifies for exemption under Ohio Revised Code § 2329.66(A)(1)(b).

### I. Jurisdiction

The Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this

district. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

## II. Factual Background

The Debtors filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 9, 2005 ("Petition Date"). On the Schedule A (Real Property) that the Debtors filed with their petition, they listed their joint tenancy in the Property with right of survivorship interest, subject to Dessie Kimble's life estate. The Debtors valued their interest in the Property at $12,180.92. According to Schedule A, Debtors arrived at this value by multiplying the "[c]ounty assessed value of the entire estate [$21,-620.00]" by the "Social Security figure for value of [Debtors'] remainder interest after life estate at age 80 [0.56341]." The value of the Debtors' remainder interest is not in dispute.

In their amended Schedule F (Creditors Holding Unsecured Nonpriority Claims), Debtors list a total of $15,670 in unsecured debt. They disclose a verbal lease agreement with Dessie Kimble—under which Debtors claim the "right to live in [the] mobile home on property in which Dessie has a life estate and in which they hold the remainder"—in their Amended Schedule G (Executory Contracts and Unexpired Leases). Amended Schedule G (Doc. 13).

In support of their claimed exemption, the Debtors submitted the affidavits of Dessie M. Kimble and Harold E. Kimble (collectively, "Affidavits"). The Trustee does not dispute the facts set forth in the Affidavits. The Affidavits establish that: (1) Dessie Kimble deeded the Property to the Debtors on September 13, 1993 and retained a life estate; (2) since September 1993 Dessie Kimble and the Debtors have continuously resided on the Property—she in her house and the Debtors in a mobile home also situated on the land; (3) at the time she deeded the Property to the Debt-

ors and retained her life estate, Dessie Kimble and the Debtors entered into a verbal agreement under which she agreed that the Debtors could reside on the Property during her lifetime, and the Debtors, in turn, agreed to maintain her house in good condition so long as she lived; and (4) this arrangement has continued in effect from September 1993 to the present.

## III. Arguments of the Parties

The Trustee argues that because the Debtors' remainder interest does not entitle them to the Property's present possession or use, they are not entitled to exempt the interest as a homestead under Ohio Revised Code § 2329.66(A)(1)(b). In support of his position, the Trustee relies on an unreported decision by Judge Sellers in *In re Britton,* Case No. 96–53923 (Bankr. S.D.Ohio November 5, 1996) ("*Britton Order* ") (Doc. 22–1). In *Britton,* the Chapter 7 trustee objected to the homestead exemption claimed by the debtor in real estate in which she held a remainder interest. The court applied the following three-part test to determine whether the debtor was entitled to claim a future interest in property exempt as a homestead:

1. The debtor must have a future legal interest in the real property;

2. The debtor must actually occupy or possess the real property at the time the bankruptcy petition is filed; and

3. The debtor's future interest must be coupled with a present right to possession of the realty.

*Britton Order* at 2. The *Britton* court sustained the objection because "the debtor did not demonstrate any present right to possession of [the] property, [and][n]o evidence was introduced of any written or oral lease conveying any present possessory right upon her." *Id.* According to the Trustee, because the Debtors—like the debtor in *Britton*—have no legal right to

occupy the Property, their remainder interest may not be exempted under Ohio Revised Code § 2329.66(A)(1)(b).

Based on the uncontroverted affidavit testimony, the Debtors argue that the Court should allow their claimed homestead exemption because, unlike the debtor in *Britton*, they do have a right to present possession of the Property. The Debtors urge the Court to follow *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440 (1964)—a decision from the Minnesota Supreme Court that they assert is on all fours with the present case. The *Denzer* court upheld the exemption claimed by the debtors in their remainder interest under the Minnesota exemption statute because their future interest was coupled with an oral agreement granting the debtors a right of possession.

## IV. Legal Analysis

### A. The Bankruptcy Estate

The filing of a petition under the Bankruptcy Code [1] creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). *See Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991) ("An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions."); *Forbes v. Lucas (In re Lucas)*, 924 F.2d 597, 600 (6th Cir. 1991) ("The filing of a bankruptcy petition under Title 11 of the United States Code creates an estate comprised of 'all legal or equitable interests of the debtor in proper-

ty as of the commencement of the case.'" (quoting 11 U.S.C. § 541(a)(1))). Here, there is no dispute that the Debtors' remainder interest is property of their bankruptcy estate.

### B. Exemptions from the Estate

■ "Federal bankruptcy law allows a debtor to exempt some of his property—mainly basic necessities—from the bankruptcy estate. The exemptions can afford the debtor some economic and social stability, which is important to the fresh start guaranteed by bankruptcy." *Sheehan v. Morehead (In re Morehead)*, 283 F.3d 199, 202–03 (4th Cir.2002) (citing *Williams v. U.S. Fid. & Guar. Co.*, 236 U.S. 549, 554–55, 35 S.Ct. 289, 59 L.Ed. 713 (1915)). *See* 11 U.S.C. § 522(b); *Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005) ("To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values." (citations omitted)); *Owen*, 500 U.S. at 308, 111 S.Ct. 1833 ("An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor. Section 522 determines what property a debtor may exempt."); *Holland v. Star Bank, N.A. (In re Holland)*, 151 F.3d 547, 548 (6th Cir.1998) ("The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate."); *Storer v. French (In re Storer)*, 58 F.3d 1125, 1127 (6th Cir.1995) (same). Exemptions "give the debtors a so-called 'grub-stake' to begin their fresh start and . . . act as a safety net, so that the debtor and his family are not completely impover-

---

**1.** On April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") was signed into law. Because the Debtors' bankruptcy petition was filed before April 20, 2005, the amendments to the Bankruptcy Code made by BAPCPA are not applicable in this case. Thus, all references to the Bankruptcy Code, and all citations to, or quotations of, specific Code provisions, shall refer to the Code (or particular sections of the Code) prior to its amendment by BAPCPA—i.e., 11 U.S.C. §§ 101–1330 (2000).

ished due to creditor collection action or bankruptcy such that they become wards of the state." *In re Robinson,* 292 B.R. 599, 606 (Bankr.S.D.Ohio 2003) (internal quotation marks omitted).

Section 522(b)(1) of the Code offers a debtor the choice between exempting the property specified in § 522(d) or utilizing the exemptions provided by federal non-bankruptcy law or state law "unless the State law that is applicable to the debtor . . . specifically does not so authorize[.]" 11 U.S.C. § 522(b)(1). Because Ohio has chosen to "opt out" of the federal exemption scheme, the Debtors are limited to the exemptions provided under Ohio law.[2] *See Storer,* 58 F.3d at 1127 ("Ohio has replaced the federal exemptions with its own state exemptions, which are those generally available to debtors under Ohio's general debtor-creditor law.").

### C. Burden of Proof in Exemption Litigation

■ The party objecting to an exemption—here, the Trustee—has the burden of proving that the exemption is not properly claimed. *See* Fed. R. Bankr.P. 4003(c) ("A party in interest may file an objection to the list of property claimed as exempt. . . ."); *Robinson,* 292 B.R. at 612 n. 9. "The [T]rustee, as the objecting party, has the burden of producing evidence which rebuts the *prima facie* presumption that the exemption is correct." *In re Mann,* 201 B.R. 910, 915 (Bankr.E.D.Mich. 1996) (citing *Lester v. Storey (In re Lester),* 141 B.R. 157, 161 (S.D.Ohio 1991)). *See also In re Rhinebolt,* 131 B.R. 973, 975 (Bankr.S.D.Ohio 1991) ("The initial burden of producing evidence to rebut the propri-

ety of a claimed exemption rests on the objecting party.") (citing Fed. R. Bankr.P. 4003(c)).

■ "A party objecting to claimed exemptions must prove that the exemption is not properly claimed by a preponderance of the evidence." *In re Roselle,* 274 B.R. 486, 490 n. 4 (Bankr.S.D.Ohio 2002) (citing Fed. R. Bankr.P. 4003(c)). *See also Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 723 (6th Cir. BAP 1999) ("The burden is on the trustee to establish, by a preponderance of the evidence, that the exemption should be disallowed."). "Upon the introduction of sufficient evidence to rebut the *prima facie* validity of the exemption, the burden shifts to the debtors to demonstrate that the exemption is proper." *Rhinebolt,* 131 B.R. at 975. If, however, "the trustee fails to carry the burden of proving by a preponderance of the evidence that the exemption should be disallowed, the exemption will stand." *Mann,* 201 B.R. at 915 (citing *In re Baumgardner,* 160 B.R. 572, 573–74 (Bankr.S.D.Ohio 1993)).

### D. The Ohio Homestead Exemption

Under Ohio law, "[e]very person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows: [T]he person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code Ann. § 2329.66(A)(1)(b) (LexisNexis 2001 & Supp.2003). *See Storer,* 58 F.3d at 1127 ("Ohio's counterpart to the federal homestead exemption allows a debtor to exempt up to $5000 . . . in one parcel or

---

2. Ohio Revised Code § 2329.662 provides:
   Pursuant to the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(b)(1), this state specifically does not authorize debtors who are domiciled in this state to

exempt the property specified in the "Bankruptcy Reform Act of 1978," 92 Stat. 2549, 11 U.S.C.A. 522(d).
Ohio Rev.Code Ann. § 2329.662 (LexisNexis 2001).

item of property used by the debtor as a residence."); *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327, 329 (6th Cir.1989) ("The Ohio homestead exemption authorizes a debtor to exempt from the bankruptcy proceedings an interest in a residence in an amount not to exceed $5,000."), *superceded by statute on other grounds*, Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, *as recognized in Holland*, 151 F.3d at 549.

### 1. Absence of Controlling Ohio Authority

■ Because Ohio has opted out of the federal exemption scheme established by § 522 of the Bankruptcy Code, Ohio law and its exemptions apply. *See In re Bunnell*, 322 B.R. 331, 333 (Bankr.N.D.Ohio 2005) ("When a debtor is domiciled in Ohio, such as the situation here, Ohio law governs the debtor's right to claim an exemption in property, Ohio having opted out of the federal bankruptcy exemption scheme."). *See also In re Cain*, 235 B.R. 812, 815 (Bankr.M.D.N.C.1998) (because North Carolina had opted out of federal exemption scheme, the court looked to state law to determine availability of a homestead exemption). Thus, consistent with the *"Erie"* doctrine, this Court must apply the exemption law of Ohio as determined by its Supreme Court or by its lower courts in the absence of a decision by the former. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *see also Cain*, 235 B.R. at 815.

■ Because Ohio courts have not addressed the issue of whether the holder of a remainder interest may claim an exemption under § 2329.66(A)(1)(b) in property subject to a life estate when he/she is in possession of and residing on the property, the Court "must make the 'best prediction, even in the absence of direct state prece-dent, of what the [state] Supreme Court would do if confronted with [the] question.'" *Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 631 (S.D.Ohio 2004) (alterations in original) (quoting *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004)), *aff'd*, 414 F.3d 596 (6th Cir.2005). *See also Redmond v. Kester (In re Kester)*, 339 B.R. 749, 754 (10th Cir. BAP 2006) ("Because the[ ] Kansas Supreme Court . . . [has not] adequately address[ed] the availability of a homestead exemption to a beneficiary of a self-settled trust, we are charged with predicting how it would rule under the facts of this case."); *Cain*, 235 B.R. at 816 ("If there are no decisions by the highest court of a state then a federal court must apply what it finds to be the state law after giving 'proper regard' to relevant rulings of other courts of the state."). The Court accordingly must determine "the rule that it believes that the state court is likely to adopt in the future." *Cain*, 235 B.R. at 816. To make this determination, "the Court may rely upon analogous cases and *relevant dicta* in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of the State Supreme Court direction, and persuasive opinions from other jurisdictions, including the 'majority rule.'" *Owensby*, 385 F.Supp.2d at 631 (citations and internal quotation marks omitted). The Court must "employ the appropriate [state] methodology to decide this issue the way that [it] believe[s] the Supreme Court of [the state] would decide it." *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003).

### 2. Ohio Revised Code § 2329.66(A)(1)(b)'s Exemption Requirements

■ Ohio Revised Code § 2329.66(A)(1)(b) imposes two require-

ments that must be met by a debtor in order to successfully claim a homestead exemption. First, the debtor must demonstrate that he/she holds an "interest ... in ... one parcel or item of real or personal property." Ohio Rev.Code Ann. § 2329.66(A)(1)(b). Second, the debtor must establish that the parcel or item of real or personal property in which he/she holds an interest is "use[d] as a residence." *Id.* As explained below, the Debtors have met each of these requirements.

**(a) The Interest–in–Property Requirement**

Section 2329.66(A)(1)(b) requires that a debtor have an interest in the real or personal property that is claimed exempt as a homestead. Relying on *Britton,* the Trustee argues that because the Debtors do not have the *right* to possession or use of the Property, their remainder interest does not satisfy the interest-in-property requirement imposed by the statute. While *Britton* sets forth a workable framework for determining the exemptibility of future interests in real property, the decision is based neither on Ohio precedent nor the *Britton* court's best prediction of what the Ohio Supreme Court would do if confronted with the question of whether a remainder interest qualifies for exemption as a homestead. *See Combs v. Int'l Ins. Co.,* 354 F.3d 568, 577 (6th Cir.2004); *Owensby,* 385 F.Supp.2d at 631. Instead, the

*Britton* court simply applied the three-part test for determining the exemptibility of remainder interests proposed by the author of an American Law Reports annotation. *See Britton Order* at 1–2 (citing W.W. Allen, Annotation, *Estate or Interest in Real Property to Which a Homestead Claim May Attach,* 74 A.L.R.2d 1355, 1960 WL 13345 (1960)). The Court opts not to adopt *Britton's* three-prong test but, instead, chooses to follow the rationale of the bankruptcy court in *Cain,* which dealt with a fact pattern that closely resembles the present case and construed a similarly worded exemption provision—also without the benefit of controlling state court authority.[3]

In *Cain,* the debtor—like the Debtors here—held a remainder interest in real property that was subject to his mother's life estate. 235 B.R. at 814. The real estate had been conveyed to the debtor—subject to the life estate—approximately 10 years before he filed his Chapter 7 case. *Id.* About one year before his bankruptcy filing, the debtor "moved in[to the home located on the property] with his mother" after he and his wife separated. *Id.* at 815. The debtor claimed his remainder interest exempt as a homestead under North Carolina G.S. § IC–1601(a)(1), which entitles a debtor to exempt his/her " 'aggregate interest, not to exceed ten thousand dollars ($10,000) in value, in real property or personal property that the

**3.** While the Court chooses not to follow *Britton,* application of *Britton's* three-prong test would not require disallowance of the claimed exemption. Under *Britton,* the debtor must have a future legal interest in the real property at issue. *Britton Order* at 2. *See also In re Mangold,* 244 B.R. 901, 905 (Bankr. S.D.Ohio 2000) ("The law is clear that a debtor must have an interest in a parcel of property at the time a judgment lien attaches in order to be eligible for the exemption."). Here, there is no dispute that Debtors have a future interest in the Property. Next, under

*Britton,* the "debtor must actually occupy or possess the real property at the time the bankruptcy petition is filed[.]" *Britton Order* at 2. Based on the undisputed affidavit testimony submitted in support of the exemption, it is clear that the Debtors occupied and possessed the Property as of the Petition Date. Finally, *Britton* requires that a "debtor's future interest must be coupled with a present right to possession of the realty." *Id.* As explained below, despite the Trustee's claim to the contrary, the Debtors do, in fact, have a present right to possession of the Property.

debtor or a dependent of the debtor uses as a residence....'" *Id.* (quoting North Carolina G.S. § IC–1601(a)(1)). Rejecting the trustee's contention that to qualify for the exemption the debtor must hold more than a mere future interest in the property, the *Cain* court reasoned:

> There is nothing in the statute which explicitly precludes the exemption claimed by the Debtor. Under the wording of the statute the Debtor must own *an interest* in the real or personal property in which the exemption is claimed. There is no limitation or restriction in the statute regarding the nature or extent of the interest which must be owned. Notably, unlike the statutes in some states, the North Carolina statute does not require that the debtor "own the property" in the sense of being the sole owner of a fee simple interest subject to no other tenancies or ownership interests. In the present case the Debtor's ownership of a remainder in fee simple satisfies this facet of the statute.

*Id.* at 816.

The bankruptcy court in *Cain* declined to read the exemption statute's interest-in-property requirement narrowly, pointing out that North Carolina courts had followed "the general rule that ... exemption laws should be liberally construed in favor of the [claimed] exemption[ ]" since they are "remedial in their nature." *Id.* (citing *Elmwood v. Elmwood,* 295 N.C. 168, 244 S.E.2d 668, 678 (1978) (internal quotation marks omitted)). Relying on this rule of liberality, the *Cain* court concluded "that the [North Carolina] Supreme Court likely would construe the statute in such a manner as to permit the exemption claimed by the Debtor...." 235 B.R. at 816.

▇ The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.,* 28 Ohio St.3d 441, 504 N.E.2d 1100, 1104 (1986) ("[W]e acknowledge the liberal construction of exemption statutes afforded by the courts of this state...."); *Dennis v. Smith,* 125 Ohio St. 120, 180 N.E. 638, 640 (1932) ("'Laws exempting property of a debtor from execution are to be construed liberally in his favor. A statutory provision in the nature of an exception to the general law on the subject of exemptions should be given a strict construction.'" (citation omitted)); *Sears v. Hanks,* 14 Ohio St. 298, 301 (1863) ("[T]he [homestead] act should receive as liberal a construction as, can be fairly given to it."). *See also In re Oglesby,* 333 B.R. 788, 791 (Bankr.S.D.Ohio 2005) ("'Ohio exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption.'") (quoting *In re Lewis,* 327 B.R. 645, 648 (Bankr.S.D.Ohio 2005)); *In re Wycuff,* 332 B.R. 297, 300 (Bankr.N.D.Ohio 2005) (construing exemption statute liberally is necessary "to effectuate [the statute's] remedial purpose: affording the debtor life's basic necessities"); *In re Watson,* 187 B.R. 583, 587 (Bankr.N.D.Ohio 1995) ("[It is a] longstanding principle that laws exempting a debtor's properties from execution should be liberally construed in favor of a debtor." (citation omitted)). Because Ohio courts have long adhered to this rule of liberality in construing exemption statutes, the Court concludes that the Ohio Supreme Court would not read Ohio Revised Code § 2329.66(A)(1)(b)'s interest-in-property requirement narrowly so as to exclude the remainder interest held by the Debtors. *See Cain,* 235 B.R. at 817 ("To read the language of [the North Carolina homestead exemption statute] as not permitting the Debtor to claim an exemption in the

... property would involve a narrow, restrictive interpretation of the statutory language and would be contrary to the rules followed by the North Carolina courts under which the exemption statutes must receive a liberal construction so as to embrace all persons fairly within the exemption statutes.").

### 3. The Residence Requirement

■ To establish entitlement to a homestead exemption under Ohio Revised Code § 2329.66(A)(1)(b) a debtor also must show that the parcel or item of real or personal property in which he/she holds an interest is "use[d] as a residence." Ohio Rev.Code Ann. § 2329.66(A)(1)(b). Although the term "residence" is not defined in the exemption statute, Ohio courts have held that it is "a place that [is] rightfully occupie[d] and use[d] as ... [a] home." *Staley v. Woolley,* 4 Ohio Cir. Dec. 550, 1893 WL 297, *2 (1893) (construing former version of homestead statute). *See also In re Lusiak,* 247 B.R. 699, 702 (Bankr. N.D.Ohio 2000) (residence "denotes occupancy of the premises by the debtor as a principal place of dwelling.").

Here, the undisputed affidavit testimony establishes that the Debtors have occupied the Property and continuously used it as their residence since 1993. Notwithstanding this continuous use and occupancy of the Property for nearly 13 years, the Trustee argues that it does not constitute a "residence" within the meaning of Ohio Revised Code § 2329.66(A)(1)(b) because the Debtors have no "enforceable possessory right to the property." Memorandum in Support of Trustee's Objection (Doc. 18)

at 2. According to the Trustee, the Debtors' oral lease agreement with Dessie Kimble violates the Ohio statute of frauds, *see* Ohio Rev.Code Ann. § 1335.04 (LexisNexis 2002),[4] and thus is "unenforceable under Ohio law." *Id.*

■ The Trustee's reliance on the statute of frauds is misplaced for several reasons. First, as the Affidavits establish, there is no dispute between the Debtors and the life tenant—Dessie Kimble—as to the existence or terms of their oral lease agreement. Indeed the Debtors have lived on the Property and maintained Dessie Kimble's home in accordance with this oral arrangement for more than 12 years. And, in any event, because the Trustee is not a party to the oral lease agreement between the Debtors and Dessie Kimble, he may not challenge its enforceability by invoking the statute of frauds.[5] *See Legros v. Tarr,* 44 Ohio St.3d 1, 540 N.E.2d 257, 264 (1989) ("[W]here a third party is concerned, the Statute of Frauds provides no defense to him." (internal quotation marks omitted)); *Fifth Ave. Inc. v. Nat'l Union Fire Ins. Co.,* 1975 WL 180440, *2 (Ohio Ct.App. May 5, 1975) (" 'Generally, the defense of the statute of frauds is available only to the immediate parties or their privies, concerned with a contract directly affected by the statute. In other words, the defense of the statute is a personal one, and may not be interposed by anyone except a party to the oral contract ....' " (quoting 25 Ohio Jur.2d, *Frauds, Statute of,* § 260 at 362–63 (1957)). Finally, even if the life tenant disputed the enforceability of the oral lease agreement (which is plainly not the case), the Debtors'

---

**4.** Ohio Revised Code § 1335.04 states: "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and

operation of law." Ohio Rev.Code Ann. § 1335.04 (LexisNexis 2002).

**5.** The oral lease agreement was not assumed by the Trustee. Thus, the estate's interest in the agreement was abandoned. *See* 11 U.S.C. § 365(d)(1).

partial performance would remove the oral agreement from the operation of the statute of frauds. *See Kaiser v. Caskey*, 2002 WL 1823007, *2 (Ohio Ct.App. Aug. 9, 2002) ("Ohio courts have recognized that the equitable doctrines of partial performance and promissory estoppel can remove an agreement covering an interest in real property from the operation of the statute of frauds."); *McCarthy, Lebit, Crystal & Haiman, Co., L.P.A. v. First Union Mgmt., Inc.*, 87 Ohio App.3d 613, 622 N.E.2d 1093, 1100 (1993) ("[A]n oral lease will be taken out of the statute of frauds by partial performance." (citations omitted)); *Weishaar v. Strimbu*, 76 Ohio App.3d 276, 601 N.E.2d 587, 592 (1991) ("Based upon equity principles, a parol lease is, however, taken out of the statute by virtue of partial performance."). The Debtors' occupancy of the Property for more than 12 years, and their adherence to the terms of their oral lease agreement during this time period—including their obligation to improve and maintain Dessie Kimble's home—constitutes sufficient partial performance to take the agreement out of the statute of frauds. Thus, contrary to the Trustee's suggestion, the Debtors do in fact have an enforceable possessory interest in the Property.

In sum, the Court finds that the Debtors have an interest in the Property and that it has been continuously used as their residence since September 1993. Thus, the Debtors may claim the Property exempt as a homestead under Ohio Revised Code § 2329.66(A)(1)(b).

### V.  Conclusion

For these reasons, the Court will enter a separate order **OVERRULING** the Objection.

**IT IS SO ORDERED.**