ELECTRONIC CITATION:  2011 FED App. 0005P (6th Cir.)
File Name:  11b0005p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re:  ANTHONY M. ZINGALE and  )
BARBARA A. ZINGALE,  )
)  No. 10-8054
Debtors.  )
_____  )

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio.
Bankruptcy Case No. 10-10594.

Argued:  May 3, 2011

Decided and Filed:  June 15, 2011

Before:  BOSWELL, FULTON, and McIVOR, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ARGUED:**  Debra E. Booher, DEBRA BOOHER & ASSOCIATES CO., LPA, Akron, Ohio, for Appellants.  Mary Ann Rabin, RABIN & RABIN CO., L.P.A., Cleveland, Ohio, for Appellee.  **ON BRIEF:**  Debra E. Booher, Dynele L. Schinker-Kuharich, DEBRA BOOHER & ASSOCIATES CO., LPA, Akron, Ohio, for Appellants.  Mary Ann Rabin, RABIN & RABIN CO., L.P.A., Cleveland, Ohio, for Appellee.

_____

## OPINION
_____

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge.  In this appeal, Anthony M. Zingale and Barbara A. Zingale appeal the bankruptcy court's order sustaining the Chapter 7 Trustee's objection to the Debtors' claim of exemption.  The Debtors are seeking to exempt the non-refundable portion of the Child Tax Credit claimed by the Debtors on their 2009 federal income tax return.  The

bankruptcy court held that the Debtors could not claim as exempt the non-refundable portion of the Child Tax Credit because it was not considered a "payment" under Ohio Rev. Code § 2329.66(A)(9)(g). For the reasons set forth below, the Panel AFFIRMS the order of the bankruptcy court.

## ISSUE ON APPEAL

The issue presented in this appeal is whether the bankruptcy court erred in determining that the non-refundable portion of the Child Tax Credit in the amount of $2,903.00 may not be exempted as a "payment" under Ohio Rev. Code § 2329.66(A)(9)(g).

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party timely elected to have these appeals heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). An order sustaining a trustee's objection to debtor's claim of exemptions is a final, appealable order. *Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010) (citing *Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998)).

The bankruptcy court's legal conclusions are reviewed *de novo. Caradon Doors & Windows, Inc. v. Eagle-Picher Indus., Inc.* (*In re Eagle-Picher Indus., Inc.*), 447 F.3d 461, 463 (6th Cir. 2006). A bankruptcy court's decision that applies or interprets state law is a conclusion of law reviewed *de novo. In re Schramm*, 431 B.R. at 399. The interpretation of a state's exemption statute is reviewed *de novo* because it involves a question of law. *Lebovitz v. Hagemeyer* (*In re Lebovitz*), 360 B.R. 612 (B.A.P. 6th Cir. 2007).

"'De novo means that the appellate court determines the law independently of the trial court's determination.'" *Treinish v. Norwest Bank Minn., N.A.* (*In re Periandri*), 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations omitted). "No deference is given to the trial court's conclusions of law." *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co.* (*In re Mktg. & Creative Solutions, Inc.*), 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006) (citations omitted).

## FACTS

The facts of this appeal are undisputed.

On January 28, 2010, Debtors, Anthony M. Zingale and Barbara A. Zingale, filed a petition for relief under Chapter 7 of the Bankruptcy Code.

On March 9, 2010, at the first meeting of creditors, Mary Ann Rabin was appointed trustee. At the meeting of creditors, Barbara Zingale testified that she is a clinical analyst at the Cleveland Clinic and is the sole wage earner of the family. Anthony Zingale testified that he is a stay-at-home parent who cares for four minor children.

On Schedule B of the Debtors' bankruptcy petition, the Debtors listed a joint interest in an "Anticipated 2009 Income Tax Refund" and listed the value as "unknown."

On March 24, 2010, the Debtors filed amendments to Schedules B and C. On Amended Schedule B, the Debtors listed $4,000 as the portion of anticipated 2009 income tax attributable to the Child Tax Credit. On Amended Schedule C, the Debtors added an exemption under Ohio Rev. Code § 2329.66(A)(9)(g), in the amount of $4,000 for the anticipated income tax refund attributable to the Child Tax Credit.

Debtors filed joint federal and state income tax returns for 2009. Debtors' federal tax return lists the following figures: Adjusted gross income: $59,402; Payroll taxes withheld from Debtors'

wages: $6,777; Debtors' total tax liability: $2,934; Non-refundable Child Tax Credit totaling $2,903; "Additional child tax credit" of $1,097; Total federal tax refund of $8,542.[1]

On April 12, 2010, the Trustee filed a Motion for Turnover of the non-exempt portion of the anticipated income tax refunds. The Debtors filed a response to Trustee's Motion for Turnover.

On April 16, 2010, the Trustee filed an objection to Debtors' amended claim of exemptions under Ohio Rev. Code § 2329.66(A)(9)(g), arguing in part, that the Child Tax Credit totaling $2,903 could not be exempted. Debtors filed a Response to Trustee's Objection to Amended Claim of Exemptions. Trustee filed a reply to Debtors' response.

On July 7, 2010, pursuant to the Scheduling Order, the parties submitted a stipulation of facts and filed briefs.

On July 21, 2010, the bankruptcy court issued a bench opinion and entered orders sustaining the Trustee's objection to Debtor's Claim of Exemptions and granting the Trustee's Motion for Turnover of non-exempt funds.

On August 4, 2010, pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001(c), the Debtors filed a timely Notice of Appeal from the Order sustaining the Trustee's objection to exemptions.

On August 4, 2010, the Debtors filed a Motion to Stay Execution of Order for Turn Over and to Stay Distribution of Funds Pending Appeal. The bankruptcy court granted the Debtors' motion for stay and ordered that "any and all distribution of funds subject to said Order" be stayed pending a decision by the Sixth Circuit Bankruptcy Appellate Panel (Bankr. Ct. Docket #61, Order Granting Motion to Stay Execution of Orders).

---

[1] These figures were provided by the Debtors and Trustee and are not in dispute.

4

## DISCUSSION

The filing of a bankruptcy petition under Chapter 7 of the Bankruptcy Code creates a bankruptcy estate. Under § 541 of the Bankruptcy Code "property of the estate" consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. Tax refunds attributed to income tax payments withheld from the bankruptcy petitioner prior to the bankruptcy filing and based on pre-petition earnings, are property of the estate. *See Kokoszka v. Belford*, 417 U.S. 642, 647-48, 94 S. Ct. 2431, 2435 (1974); *Bailey v. Suhar* (*In re Bailey*), 380 B.R. 486, 490 (B.A.P. 6th Cir. 2008).

The Bankruptcy Code allows a debtor to claim certain property as exempt. *See* 11 U.S.C. § 522. Under § 522(b)(2), a state is authorized to opt-out of the federal exemptions provided in § 522(d), thereby restricting their residents to the exemption scheme created by the state's legislature. The Ohio legislature has opted out of the federal exemptions. Ohio Rev. Code § 2329.662. Thus, debtors domiciled in the state of Ohio may only claim exemptions under relevant Ohio statutes and under applicable non-bankruptcy federal law. 11 U.S.C. § 522(b)(3)(A).[2]

It is well-established that exemptions are to be construed liberally in favor of the debtor. *In re Schramm*, 431 B.R. at 400 (citing *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 504 N.E.2d 1100, 1104-05 (Ohio 1986)). Even a liberal interpretation of Ohio Rev. Code § 2329.66, however, "does not give [the court] license to enlarge . . . or strain its meaning." *Id.* at 1105. As the party

---

[2] 11 U.S.C. § 522(b)(3)(A) provides that property listed is subject to

> State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor 's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for longer portion of such 180-day period than in any other place;
>
> . . . .

objecting to the Debtors' claim of exemptions, the Trustee "has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003©.

In this appeal, the Debtors/Appellants ("Appellants") claimed an exemption under Ohio Rev. Code § 2329.66(A)(9)(g), for the non-refundable portion of the 2009 federal income tax refund attributed to the Child Tax Credit in the amount of $2,903.00. Section 2329.66(A)(9)(g) allows debtors to exempt their interests in "[p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986'. . . ." (emphasis added). The Child Tax Credit ("CTC") is codified under § 24 of the Internal Revenue Code (26 U.S.C. § 24). 26 U.S.C. § 24 distinguishes between "Nonrefundable Personal Credits" (26 U.S.C. § 24(a)) and the "Portion of credit refundable" (26 U.S.C. § 24(d)). The Earned Income Tax Credit ("EIC") is codified under § 32 of the Internal Revenue Code, in Subpart C entitled "Refundable Credits."[3] 26 U.S.C. § 32.

The CTC allows taxpayers with an adjusted gross income below a certain threshold amount to claim a tax credit of $1,000 for each qualifying child. If the taxpayers have a tax liability, the non-refundable portion of the CTC is applied to satisfy the tax liability. The non-refundable portion of the CTC is limited to the amount of the taxpayers' tax liability. 26 U.S.C. § 24(b)(3)(A).

The refundable portion of the CTC allows for the refund of some of the CTC under certain conditions. *See* 26 U.S.C. § 24(d). If the taxpayer qualifies, any amount of the credit not used to offset tax liability is sent to the taxpayer as an income tax refund. The refundable portion, unlike the non-refundable portion of the CTC, is treated as an "overpayment" under the tax code. *Id*. at § 24(d)(1).[4]

_____

[3]The Appellants did not claim an EIC on their income tax returns.

[4]The CTC, added by the Taxpayer Relief Act of 1997, Pub.L. No. 105-34, 105th Cong, 1st Sess., approved August 5, 1997, first became available to taxpayers in 1998. Since the enactment of the CTC, the mechanics of the credit have undergone appreciable changes. The formula for computation of the credit is complicated. For purposes of this opinion, the Panel has simplified the analysis of the CTC as applied to the facts of the instant appeal.

Appellants argue that the entire CTC ($4,000) should be considered a "payment" from the I.R.S. to Appellants, regardless of whether the CTC is used to offset their tax liability or is returned to Appellants in the form of a refund. If the entire CTC constitutes a "payment," it may be exempted under Ohio Rev. Code § 2329.66(A)(9)(g).

The bankruptcy court, however, held that the non-refundable CTC "is not a payment from the IRS" and "simply reduced the Debtor's tax liability from $2,900 down to zero dollars." (Docket #57, Tr. of Oral Ruling, p. 8, lines 16, 23-24). Therefore, the court held that the non-refundable CTC is not exempt under Ohio Rev. Code § 2329.66(A)(9)(g).

There is no Sixth Circuit case law on the issue before this Panel. However, unpublished decisions[5] from the Northern District of Ohio, directly on point, have consistently held that the non-refundable child tax credit may *not* be exempted under Ohio Rev. Code § 2329.66(A)(9)(g). The bankruptcy court primarily incorporated the analysis of these decisions. *See In re Campbell*, No. 08-43452, 2009 WL 2671287 (Bankr. N.D. Ohio June 8, 2009) (J. Woods); *In re Joyce*, No. 08-43602, 2009 WL 2671494 (Bankr. N.D. Ohio June 5, 2009) (J. Woods); *In re Molina*, Nos. 09-30143 (Molina), 08-35543 (Foos), 09-30215 (Major), 2009 WL 1587292 (Bankr. N.D. Ohio May 29, 2009) (J. Speer); *In re Klostermeier*, 08-36700, 2009 WL 1617090 (Bankr. N.D. Ohio May 29, 2009) (J. Whipple); *In re Ruhl*, No. 08-36030, 2009 WL 1617470 (Bankr. N.D. Ohio April 27, 2009) (J. Whipple); *In re Luke*, 08-35623, 2009 WL 1617468 (Bankr. N.D. Ohio April 27, 2009) (J. Whipple).

Bankruptcy courts in other states have also held that the non-refundable CTC may *not* be exempted under applicable state law. *In re Parisi*, 2010 WL 1849386, *2 (Bankr. E.D.N.Y. May 6, 2010) ("If Congress intended the child tax credit to be held in trust for the benefit of the child and

[5]Although an unpublished opinion is not binding on this Panel, an unpublished decision may be considered persuasive authority on the question before the Panel. *See In re Buttermilk Towne Center, LLC*, Nos. 10-8036, 10-8046, 10-8062, --- B.R. ---, 2010 WL 5185870 (B.A.P. 6th Cir. December 23, 2010) ("[T]he Panel should not disregard a Sixth Circuit opinion merely because it is unpublished."); *Gibson v. Gibson* (*In re Gibson*), 219 B.R. 195, 201 n. 2 (B.A.P. 6th Cir. 1998) ("Although not binding, unpublished decisions of the Sixth Circuit may be cited if persuasive and no published decisions will serve as well."). Although these cases discuss reliance on unreported *Sixth Circuit* opinions, the same reasoning may be applied to unreported lower court decisions where there are no reported Sixth Circuit opinions.

exempt from the parent's creditors, it could have enacted bankruptcy legislation to this effect."); *In re Landgrebe,* No. 08-26271, 2009 WL 3253933, at *3 (Bankr. D. Colo. Sept. 23, 2009) (The Colorado statute exempting "'[t]he full amount of any federal or state income *tax refund attributed to . . . a child tax credit'. . .* does not specify what type of 'child tax credit' it refers to . . . . Nevertheless, the Court concludes that the statute exempts only the *refundable* child tax credit and not the non-refundable credit."); *In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003) ("If a credit is not refundable, further inquiry need not be made. The general child tax credit, which only reduces a debtor's tax liability, cannot be claimed as exempt."); *In re Beltz*, 263 B.R. 525, 531 (Bankr. W.D. Ky. 2001) (The CTC "is not public assistance within the meaning of K.R.S. 205.010(3), and Debtors are not entitled to exempt the credit" under the applicable Kentucky statute.); *In re Dever*, 250 B.R. 701, 706 (Bankr. D. Idaho 2000) (The court concluded that the debtors were not entitled to exempt the nonrefundable child tax credit because the credits "are not themselves recoverable as a refund by taxpayers. Debtors have no claim to the amount of the credit other than using it to reduce tax liability.").

The facts of the instant appeal are similar to the facts of *In re Luke*, 2009 WL 1617468. In *Luke*, the debtors claimed five minor children as dependents on their 2008 federal tax return. Debtors were entitled to a total CTC of $5,000. The debtors' tax return stated that the debtors had paid $4,196 in taxes withheld from wages, and that their total tax liability was $3,821. Of the $5,000 available CTC, $3,821 was applied pursuant to 26 U.S.C. § 24(a) to satisfy the outstanding tax liability. The balance of the CTC in the amount of $1,179, referred to under 26 U.S.C. § 24(d) as the "portion of [child tax] credit refundable," was refunded to the debtors, together with the amount of the taxes withheld from their wages, for a total refund of $4,196.

The debtors in *Luke* argued that they should be able to exempt the entire amount of their CTC, notwithstanding the fact that a majority of the CTC had been used to satisfy their tax liability and was not refunded to the debtors. The court rejected the debtors' argument. The court distinguished between the non-refundable and refundable portions of the CTC, holding that the non-

refundable portion of the CTC is not property of the estate, and therefore cannot be exempted. The court stated:

> The court is persuaded by the distinctions made in . . . cases [between the refundable and non-refundable portions of the CTC] and finds dispositive of the issue presented in this case the determination as to whether the tax credit at issue is property of Debtors' bankruptcy estate. As a general proposition, exemptions are designed to permit debtors to retain properties that are deemed necessary for their support and the support of their dependents. *In re Stevenson*, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007). Absent an available exemption claimed by a debtor in a Chapter 7 case, all of the debtor's legal or equitable interests in property as of the commencement of the bankruptcy case become property of the estate that is subject to collection and liquidation by the trustee and to distribution in payment of claims in accordance with the Bankruptcy Code. 11 U.S.C. §§ 541, 704, 726. To the extent that the non-refundable child tax credit is not property of the estate and is, therefore, not subject to collection and liquidation by the Trustee, Debtors cannot claim it as an exemption from property of the estate. *See* 11 U.S.C. 522(b)(1) (providing that a "debtor may exempt *from property of the estate*" property as set forth in that statute); *In re Law,* 336 B.R. at 146 (stating that the issue of whether a debtor can claim an exemption in the child tax credit is moot unless the credit is first considered property of the bankruptcy estate).

*Luke*, 2009 WL 1617468, at * 3. The court concluded that because the non-refundable portion of the CTC was not property of the estate, it could not be exempted as a "payment" under Ohio law. The court ordered the debtors to turnover to the trustee the amount of the refund the debtors sought to exempt.

Consistent with the bankruptcy court's opinion in *Luke*, other courts have focused on "refundability" as a key factor in determining whether a debtor may exempt the CTC. *See In re Koch*, 299 B.R. 523, 527 (Bankr. C.D. Ill. 2003) ("[T]he key factor is the refundability of the credit. If a credit is not refundable, further inquiry need not be made."); *In re Dever*, 250 B.R. 701, 706 (Bankr. D. Idaho 2000) (The nonrefundable child tax credit "are not themselves recoverable as a refund by taxpayers. Debtors have no claim to the amount of the credit other than using it to reduce tax liability.").

Courts have also consistently held that the non-refundable credit is only available to offset tax liability. The bankruptcy court in *In re Landgrebe* explained that

> The non-refundable portion is credited against the amount of tax owed, providing a taxpayer a dollar-for-dollar decrease in his tax bill . . . . Since the [child] tax credit is only a credit against tax liability, a taxpayer must have a tax liability in order to use the non-refundable credit. The amount of the non-refundable credit cannot exceed the amount of tax owed by the taxpayer, and therefore cannot result in a refund to a taxpayer. In other words, it can only reduce income tax liability to zero.

*In re Landgrebe*, 2009 WL 3253933, at *1 (footnotes omitted).

On the other hand, courts have held that the refundable or "additional child tax credit," unlike the non-refundable portion of the CTC, is treated as an "overpayment" under the Internal Revenue Code. *Id*. at § 24(d)(1); *See also In re Krahn*, No. 08-41285, 2009 WL 4907034, at *5 (Bankr. D. Kan. Dec. 11, 2009) ("The IRS . . . treats the additional child tax credit (the refundable portion of the tax credit) as an overpayment of the entire . . . tax year."); *In re Landgrebe*, 2009 WL 3253933, at *2 ("The refundable [child] tax credit, unlike the non-refundable [child tax] credit, is treated as an 'overpayment.'").

Appellants do not distinguish between the non-refundable and refundable portions of the CTC. Rather, Appellants argue that the entire CTC is property of the estate, and as property of the estate, Appellants have a right to exempt the entire CTC as a "payment" under Ohio Rev. Code § 2329.66(A)(9)(g). Appellants do not articulate how a credit, which is never paid back to the taxpayer, could become a "payment" to the taxpayer. Appellants sidestep this problem by arguing that because the CTC is used to offset a tax liability, the CTC has value. Appellants then argue that because the entire CTC has value to the Debtor, the entire CTC becomes property of the estate. Appellants conclude that since the entire CTC is property of the estate, the entire CTC may be exempted, and the value of the CTC used to offset their tax liability should be deemed a "payment" authorized by 26 U.S.C. § 24, and exempted under Ohio Rev. Code § 2329.66(A)(9)(g).

In support of their argument, Appellants rely on two cases that hold that a CTC refunded to the debtor is property of the estate. *In re Beltz*, 263 B.R. 525 (Bankr. W.D. Ky. 2001); *In re Koch*, 299 B.R. 523 (Bankr. C.D. Ill. 2003). A careful reading of these cases shows, however, that they support the position of the Trustee rather than that of Appellants. In *Beltz*, chapter 13 debtors filed a motion to retain the CTC that the debtors received as part of their income tax refund. The debtors sought to exempt the portion of their refund attributable to the CTC under the Kentucky exemption statute, which allows a debtor to exempt a public assistance benefit. The court first held that tax refunds are property of the estate, which must be turned over to the trustee unless exempted under the state exemption statute. The court went onto explain the mechanics of the CTC.

> The FCTC is codified under Subpart A (Nonrefundable Personal Credits) of Subtitle A (Income Taxes) of the Internal Revenue Code. Generally, this means that the FCTC is only available to reduce tax liability and is non-refundable if no taxes are owed. Subsection § 24(d), however, allows a family with three or more children to receive a refundable FCTC in some circumstances, even if no taxes are owed. This additional credit is the lesser of (1) the unused portion of the child tax credit allowed under 26 U.S.C. § 24(a) or (2) approximately the difference between the taxpayer's portion of payroll taxes and the allowed EITC.

*Beltz*, 263 B.R. at 528 (footnote omitted).

The *Beltz* court thus distinguished between the non-refundable portion of the CTC codified at 26 U.S.C. § 24(a), and the refundable portion of the CTC codified at 26 U.S.C. § 24(d). The facts of the case make clear that debtors were eligible under 26 U.S.C. § 24(d) for a refund of their child tax credit. The court concluded that because debtors were receiving a refund, the refund was property of the estate. The *Beltz* court then ruled that debtors could not exempt the refundable portion of their CTC credit, because the CTC did not constitute a public assistance benefit.

In *Koch*, debtors argued that their entire CTC should be exempted under a state statute which allowed debtors to exempt public assistance benefits. The court carefully analyzed the CTC and concluded that the non-refundable portion of the CTC was not intended by Congress to provide

11

assistance to low income families and therefore could not be exempted under the relevant state statute. The court held that the refundable portion of the CTC was intended by Congress to benefit poor families and therefore could be exempted as "public assistance." It might be argued that, by even considering whether the non-refundable portion of the CTC could be exempted, the court implicitly held that the entire CTC is property of the estate-- an asset need only be exempted if it is property of the estate. On the other hand, the court in *Koch* might simply have focused first on the legislative purpose behind the CTC, and, having concluded that the non-refundable portion is not "public assistance," deemed it unnecessary to address the broader question of whether the entire CTC was "property of the estate." Thus, *Koch* by itself does not provide compelling authority for the argument that the non-refundable portion of the CTC is property of the estate.

In addition to arguing that the entire CTC is property of the estate which may be exempted as a "payment," Appellants argue that the court should disregard the Internal Revenue Code requirement that taxpayers' available CTC must be applied to satisfy their outstanding tax liability. Appellants argue that the manner in which their tax liability is satisfied is arbitrary; since Appellants' withholding from wages ($6,777) was significantly higher than their tax liability ($2,934), the tax liability could have been satisfied with the amount withheld from Appellants' wages. Appellants argue that if their liability had been satisfied from the amount withheld from wages, the entire CTC ($4,000), plus any additional tax credits and the balance of their withholding taxes, would have been refunded to them.

Appellants' argument ignores both the clear language of 26 U.S.C. § 24(a) and (d), and the substantial body of case law which holds that the non-refundable portion of the CTC may only be used to extinguish existing tax liability and is never returned to the debtors as a part of a taxpayers' refund. If a taxpayer does have a tax liability and has enough CTC and other credits to satisfy the taxpayer's liability in full, all of the payroll taxes withheld from a taxpayer's earnings are refunded to the taxpayer together with the unused portion of the CTC. As discussed *supra*, *every* case that has addressed whether the non-refundable portion of the CTC is a component of debtor's tax refund has concluded that the non-refundable portion may only be used to satisfy the taxpayer's liability and is

12

not a refund to the taxpayer. *See In re Klostermeier*, 2009 WL 1617090; *In re Ruhl*, 2009 WL 1617470; *In re Luke*, 2009 WL 1617468; *In re Koch*, 299 B.R. 523; *In re Beltz*, 263 B.R. 525; and *In re Dever*, 250 B.R. 701.[6] Implicitly or explicitly, these cases all conclude that only the refundable portion of the CTC is property of the estate. The only disagreement among the cases is over whether the refundable portion of the CTC may be exempted under a particular state statute. *See In re Beltz*, 263 B.R. 525 (refundable portion of CTC may not be exempted); *In re Koch*, 299 B.R. 523 (refundable portion may be exempted).

In this appeal, Appellants state that they had a total tax liability of $2,934. Barbara Zingale had payroll taxes withheld from her wages in the amount of $6,777. Because Appellants have four children and their income qualifies, Appellants were entitled to a total CTC of $4,000. Appellants state that they were entitled to additional credits of $813. Pursuant to 26 U.S.C. § 24(a), Debtors' tax liability was satisfied with $2,903 of the available CTC and other available credits. Debtors refund of $8,542 resulted from $6,777 in payroll taxes withheld from wages, the additional available CTC of $1,097, and additional credits not used to satisfy the tax liability ($668).

The bankruptcy court correctly ruled with regard to Appellants' attempt to exempt the entire CTC that only the portion of the CTC that was actually refunded to Appellants ($1,097) could be exempted under Ohio's exemption statute as a "payment" under 26 U.S.C. § 24. The balance of the CTC was not refunded to Appellants and was, therefore, not property of the estate that could be exempted. Appellants' attempt to shield a portion of their refund by claiming an exemption in property that was never part of the bankruptcy estate, is not supported by the case law. The court noted in *In re Luke*:

> Debtors having no interest in a "payment" with respect to the non-refundable child
> tax credit and no claim with respect to the credit other than in using it to reduce tax

---

[6] A taxpayer may only receive the entire available CTC as a refund *if* the taxpayer has no tax liability *and* the amount of the available tax credit is less than the taxpayer's payroll taxes withheld from wages combined with taxpayer's Earned Income Tax Credit. *See In re Beltz*, 263 B.R. 525. In most cases, debtors with no tax liability will not recover any CTC because their withholding combined with their Earned Income Tax Credit will exceed the value of the available CTC.

liability, the court concludes that the non-refundable portion of the credit is not property of Debtors' bankruptcy estate that they may exempt under § 2329.66(A)(9)(g).

*Luke*, 2009 WL 1617468, at \*4.

Based on 26 U.S.C. § 24(a) and (d), the bankruptcy court correctly ruled that the non-refundable portion of the CTC cannot be exempted as a payment under Ohio Rev. Code § 2329.66(A)(9)(g). Because the non-refundable portion of the CTC is *not* a part of Appellants' refund and is *not* property of the estate, Appellants cannot claim an exemption in an amount equal to the non-refundable portion of the CTC. Appellants entire tax refund of $8,542 is property of the estate from which the Debtor may exempt $1,097 as the refundable portion of the CTC.

## CONCLUSION

For the reasons stated, the Panel affirms the order of the bankruptcy court.