ELECTRONIC CITATION:  15 FED App. 0004P (6th Cir.)
File Name:  15b0004p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**


In re: WILLIAM C. AUBIEL,                )        No.  14-8051
                                         )
        Debtor.                          )


Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Toledo.
Bankruptcy Case No. 13-33816.


Decided and Filed: July 22, 2015

Before: DELK, HUMPHREY, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

ON BRIEF:  Donald R. Harris, DONALD HARRIS LAW FIRM, Sandusky, Ohio, for Appellant.
Louis J. Yoppolo, SHINDLER, NEFF, HOLMES, WORLINE & MOHLER, LLP, Toledo, Ohio, for
Appelle.

_____

**OPINION**

_____


**C. KATHRYN PRESTON**, Chief Bankruptcy Appellate Panel Judge.  In this appeal,

William C. Aubiel ("Debtor"), appeals the bankruptcy court's order denying his claim of exemption

in a 46-foot Sea Ray boat and ordering turnover of the boat to the Trustee.  For the reasons stated

below, the Panel AFFIRMS the bankruptcy court's order.

## ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court erred in finding that, because the boat was not Debtor's primary residence, Debtor was not entitled to a homestead exemption in his boat and must turnover the boat to the Trustee.[1]

## JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), this Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted). "The concept of finality in the bankruptcy context, however, should be viewed functionally, with appellate courts enforcing this threshold requirement in a more pragmatic and less technical way in bankruptcy cases than in other situations." *Simon v.*

---

[1] Debtor raises two issues on appeal that he asserts amounted to an error of law by the bankruptcy court. Debtor argues that the bankruptcy court misapplied the law of judicial estoppel. However, the bankruptcy court's opinion clearly states that "even under just a preponderance of the evidence standard, without consideration of judicial estoppel, the evidence presented by the Trustee was stronger and more persuasive." *In re Aubiel*, 516 B.R. 476, 484 (Bankr. N.D. Ohio 2014). Accordingly, it is unnecessary to review the bankruptcy court's application of judicial estoppel; instead the Panel focuses on the factual findings made by the bankruptcy court. Also, Debtor asserted "the bankruptcy court erred by importing the homestead test from Florida [articulated by *In re Yettaw*, 316 B.R. 560, 562-63 (Bankr. M.D. Fla. 2004)] to apply against a debtor in Ohio." However, the bankruptcy court's opinion makes it clear that the court did not "adopt [the Florida court's] factors for use in deciding Ohio exemption claims." *Aubiel*, 516 B.R. at 482. A mere reference to the Florida test cannot amount to reversible error.

*Lis* (*In re Graves*), 483 B.R. 113, 115 (E.D. Mich. 2012) (internal quotation marks and citations omitted). The Sixth Circuit allows appeals from "an order in a bankruptcy case [that] finally disposes of discrete disputes within the larger case." *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Ct.* (*In re Dow Corning Corp.*), 86 F.3d 482, 488 (6th Cir.1996) (internal quotation marks, alteration, and citation omitted). A bankruptcy court's order sustaining a trustee's objection to a debtor's exemptions is a final, appealable order. *In re Zingale*, 451 B.R. 412, 414 (B.A.P. 6th Cir. 2011), *aff'd on other grounds*, 693 F.3d 704 (6th Cir. 2012); *Menninger v. Schramm* (*In re Schramm*), 431 B.R. 397, 399 (B.A.P. 6th Cir. 2010)*; Wicheff v. Baumgart* (*In re Wicheff*), 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998). "The bankruptcy court's order granting the Trustee's motion for turnover is also a final, appealable order." *In re Wengerd*, 453 B.R. 243, 245 (B.A.P. 6th Cir. 2011) (citing *Bailey v. Suhar* (*In re Bailey*)*, 380 B.R. 486, 488 (B.A.P. 6th Cir. 2008)).

"A debtor's entitlement to a bankruptcy exemption most often involves a legal question and is reviewed de novo, except where facts are in dispute." *In re Hake*, No. 407 CV 01091, 2007 WL 2254745, at *1 (N.D. Ohio Aug. 3, 2007) (quotation marks and citation omitted). It is a question of law whether a boat can constitute a primary residence under Ohio's exemption statute. Neither party has challenged the bankruptcy court's legal conclusion that a boat can be a primary residence for which an individual may claim a homestead exemption. And the Ohio homestead exemption statute clearly states that an exemption may be claimed in real or personal property. Ohio Rev. Code § 2329.66(A)(1)(b).

It is a question of fact whether, in this case, Debtor's boat was his primary residence. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Lester v. Storey* (*In re Lester*), 141 B.R. 157, 160 (S.D. Ohio 1991) (citing Federal Rule of Bankruptcy Procedure 8013)[2]. *See also In re Rice*, 478 B.R. 275 (E.D. Mich. 2012). "Basically, this equates to an abuse of discretion standard. 'An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard.' " *Hake*, 2007 WL 2254745, at *1 (quoting *Nischwitz v. Miskovic* (*In re Airspect Air, Inc.*), 385 F.3d 915, 920 (6th Cir. 2004)).

## FACTS

Debtor William Aubiel filed a voluntary chapter 7 bankruptcy petition on September 13, 2013. Debtor listed 4637 North 3rd Street Ex. SE, Dennison, Ohio 44621 as the mailing address on the petition. The petition listed Debtor's residence as 2035 First Street, Pier A, Dock 9, Sandusky, Ohio. This location is the dock slip where Debtor kept his 46-foot Sea Ray boat. Debtor listed the boat on Schedule B as "residential boat 46 foot 1988 SeaRay Boat." On schedule C, Debtor claimed the boat exempt pursuant to Ohio's homestead exemption.

---

[2] Prior to December 2014, Federal Rule of Bankruptcy Procedure 8013 reiterated the language of Federal Rule of Civil Procedure 52(a)(6) governing appeals. In December 2014, Part VIII of the Federal Rules of Bankruptcy Procedure (addressing appeals in bankruptcy cases) was extensively amended and renumbered. The language of Bankruptcy Rule 8013 was omitted. However, the Panel holds that the standard of review, which is well established by case law, has not changed.

-4-

In July 2012, Debtor's 38-year marriage ended through an Agreed Judgment Entry of Dissolution. As part of the dissolution, Debtor transferred certain pieces of real property to his ex-wife, including their former marital home.[3] Debtor asserts that after the dissolution of his marriage, he moved into his boat and began using it as his full-time residence.[4] The mailing address on the petition is Debtor's former marital home, now belonging to and occupied by his ex-wife. Debtor asserts that the marriage ended on good terms and that he and his ex-wife are still friendly. (Evidentiary Hr'g Tr. 54:5-10, July 21, 2014, ECF No. 101.)

During 2012, Valley Mining, Inc. ("Valley Mining"), which had been founded by Debtor and his ex-wife's family, was also experiencing financial difficulty. On January 23, 2013, Debtor wrote a check to Valley Mining in the amount of $250,000 to try to keep it afloat. This is significant only because the Trustee argues that it is highly unlikely that Debtor invested such a large sum of personal money into a failing company, but lived on a boat 100 miles away from the company's offices. Valley Mining eventually filed bankruptcy as well.[5]

The Trustee timely filed an objection to Debtor's claim of a homestead exemption in the boat and sought turnover of the boat from Debtor. The bankruptcy court held an evidentiary hearing on

_____

[3] These property transfers were not disclosed on Debtor's statement of financial affairs even though he had owned them within the two years prior to filing bankruptcy.

[4] In the evidentiary hearing, however, Debtor testified that he had been living on the boat for three to four years. (Evidentiary Hr'g Tr. 10:1, July 21, 2014, ECF No. 101.)

[5] *In re Valley Mining, Inc.*, Case No. 13-62471 (Bankr. N.D. Ohio Oct. 8, 2013), chapter 7 filed in Canton, Ohio.

July 21, 2014. On August 28, 2014, the bankruptcy court issued its Memorandum of Decision and Order Regarding Objection to Claim of Homestead Exemption in 46' Sea Ray Boat. *In re Aubiel*, 516 B.R. 476 (Bankr. N.D. Ohio 2014). The bankruptcy court held that "the Chapter 7 Trustee has met his burden of proving by a preponderance of the evidence that the Sea Ray boat was not Debtor's residence at the time of filing, and that the Ohio homestead exemption cannot be claimed on that vessel." *Id.* at 484. Accordingly, the bankruptcy court sustained the Trustee's objection to the exemption and ordered turnover of the boat.

Debtor timely filed this appeal.

## DISCUSSION

The filing of a bankruptcy petition under Chapter 7 of the Bankruptcy Code creates a bankruptcy estate. Under § 541 of the Bankruptcy Code, "property of the estate" consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. However, pursuant to 11 U.S.C. § 522, a debtor may claim an exemption in certain property.[6]

---

[6] Under § 522(b)(2), a state is authorized to opt-out of the federal exemptions provided in § 522(d), thereby restricting their residents to the exemption scheme created by the state's legislature. The Ohio legislature has opted out of the federal exemptions. Ohio Rev. Code § 2329.662. Thus, debtors domiciled in the state of Ohio may only claim exemptions under relevant Ohio statutes and under applicable non-bankruptcy federal law. 11 U.S.C. § 522(b)(3)(A).

*In re Zingale*, 451 B.R. 412, 415-16 (B.A.P. 6th Cir. 2011), *aff'd on other grounds*, 693 F.3d 704 (6th Cir. 2012).

"Exemptions are determined on the date a bankruptcy petition is filed." *In re Wengerd*, 453 B.R. 243, 252 (B.A.P. 6th Cir. 2011).

There is a *prima facie* presumption that an exemption is proper. *In re Kimble*, 344 B.R. 546, 551 (Bankr. S.D. Ohio 2006) (citations omitted). Therefore, the burden of proof first rests on the party objecting to an exemption. *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999) ("The burden is on the trustee to establish, by a preponderance of the evidence, that the exemption should be disallowed."). *See also In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996) ("The trustee, as the objecting party, has the burden of producing evidence which rebuts the *prima facie* presumption that the exemption is correct."); *In re Rhinebolt*, 131 B.R. 973, 975 (Bankr. S.D. Ohio 1991) ("The initial burden of producing evidence to rebut the propriety of a claimed exemption rests on the objecting party." (citing Fed. R. Bankr. P. 4003(c))). "Upon the introduction of sufficient evidence to rebut the *prima facie* validity of the exemption, the burden shifts to the debtors to demonstrate that the exemption is proper." *Rhinebolt*, 131 B.R. at 975.

The Trustee objected to Debtor's claim of a homestead exemption in his boat. Ohio's homestead exemption provides:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (1)(a) . . . .
>
> (b) In the case of all other judgments and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel

or item of real or personal property that the person or a dependent of the person uses as a residence.[7]

Ohio Rev. Code § 2329.66(A)(1)(b). *See also In re Breece*, 487 B.R. 599 (B.A.P. 6th Cir. 2013);

*In re Whitney*, 459 B.R. 712, 713 (Bankr. N.D. Ohio 2011).

To establish entitlement to a homestead exemption under Ohio Revised Code § 2329.66(A)(1)(b) a debtor also must show that the parcel or item of real or personal property in which he/she holds an interest is "use[d] as a residence." Ohio Rev. Code Ann. § 2329.66(A)(1)(b). Although the term "residence" is not defined in the exemption statute, Ohio courts have held that it is "a place that [is] rightfully occupie[d] and use[d] as ... [a] home." *Staley v. Woolley*, 4 Ohio Cir. Dec. 550, 1893 WL 297, *2 (1893) (construing former version of homestead statute).

*In re Kimble*, 344 B.R. 546, 555 (Bankr. S.D. Ohio 2006). *See also In re Felgner*, No. 11-32274,

2011 WL 5056994, at *3 (Bankr. N.D. Ohio Oct. 24, 2011). Refining the term "residence" further,

the court in *In re Lusiak* observed that "[t]he term 'residence' . . . denotes occupancy of the premises

---

[7] Ohio law provides for adjustment of the exemption amount:

(B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

Ohio Rev. Code Ann. § 2329.66(B). The adjusted dollar amounts do not appear in the text of the statute; however, that information may be accessed by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/ (follow "Exemptions" hyperlink). The amount of the homestead exemption available to Debtor at the time he filed his Chapter 7 case was $132,900.

by the debtor as a *principal* place of dwelling." *In re Lusiak*, 247 B.R. 699, 702 (Bankr. N.D. Ohio 2000) (emphasis added).[8]

At issue in *Felgner* was the debtors' claim of exemption in certain Michigan real estate. The debtors in that case owned homes in both Ohio and Michigan. The debtors listed the Ohio property as their residence on the date that they filed their petition for relief, but claimed an exemption in the Michigan property pursuant to the Ohio Revised Code. The Michigan property had previously been used as a vacation home. The debtors indicated that their intention was to move into the Michigan property and use it as their primary residence. The bankruptcy court ultimately found that debtors' primary residence on the date of filing was their Ohio home, where they were residing on that date. Noting that a debtor's domicile is determinative of the exemptions available to the debtor, the bankruptcy court used the Supreme Court's test for determining the domicile of the debtors in that case. In discussing the question of domicile, the court observed:

> No single factor can conclusively establish domicile. Instead, to determine the domicile of a debtor, a court must evaluate all of the circumstances of the case. Among the factors to be considered in evaluating the situs of a debtor's domicile are: (1) the location of the current residence; (2) voting registration and voting practices; (3) location of spouse and family; (4) location of personal or real property; (5) location of brokerage and bank accounts; (6) memberships in churches, clubs, unions and other organizations; (7) location of a person's physician, lawyer,

---

[8] Although the *Lusiak* court was construing the federal homestead exemption set forth in 11 U.S.C. § 522(d)(1), the language of Ohio Revised Code § 2329.66(A)(1)(b) is almost identical to that of § 522(d)(1), except as to the authorized exemption amount. Thus, case law interpreting the federal statute is persuasive in construing the Ohio statute. *See, e.g.*, *In re Vickers*, 408 B.R. 131, 138 (Bankr. E.D. Tenn. 2009) ("Where a state has borrowed from similar federal legislation, federal courts may presume that the state legislatures intended what Congress intended." (quoting *In re Green*, 2007 WL 1031667, at *1 (Bankr. E.D. Tenn. Apr. 2, 2007)). *See also In re Kemp*, 2011 WL 4434996, at *1 (Bankr. D.D.C. Sept. 22, 2011).

accountant, dentist and stockbroker; (8) place of employment or business; (9) driver's license and automobile registration; and (10) payment of taxes.

*Felgner*, 2011 WL 5056994, at *2 (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455  58, 62 S. Ct. 303, 309  11 (1941)) (additional internal citation omitted).

In the instant appeal, Debtor's domicile is not the issue before the Panel, but rather the question is whether the Sea Ray boat is Debtor's residence. There is a dearth of Ohio case law setting forth factors for consideration in determining whether a property constitutes a debtor's residence. Although the *Felgner* factors were offered as persuasive in the discussion of a debtor's domicile, they are also useful in determining whether a property may be claimed as a debtor's residence.

Debtor admits that he does not live on his boat year-round. During the winter months, the boat is not habitable while it is in dry dock. Additionally, now that Debtor is a long distance truck driver, he frequently travels. Nonetheless, Debtor argues that he constructively occupies the boat even when he is not there and that it is his principal place of dwelling.

The Trustee asserts that the boat was not Debtor's primary residence at the time of filing. The Trustee argues that at the time of filing Debtor's primary residence was in Tuscarawas County, Ohio, where Debtor's former marital home and place of business are located. The Trustee's evidence includes copies of Debtor's checking account and savings account statements for the period including the date of filing, which show his mailing address as his former marital home. Copies of

-10-

negotiated checks enclosed with the statements show that Debtor's checks are printed with this same address. The title documentation of the boat also lists Debtor's address as his former marital home. The mailing address reflected on Debtor's tax return filed in 2013 (for the year 2012) is a post office box in Berlin Heights, Tuscarawas County, Ohio, approximately 100 miles away from the marina where the boat is located.

Additionally, the Trustee pointed out that Debtor's own schedules seem to indicate a residence other than the boat: Although Debtor claims he resided on the boat on the date of filing, Debtor listed an $860 per month rent or mortgage payment on Schedule J that is not consistent with the amounts associated with dockage fees. At the evidentiary hearing, Debtor could not explain this line item. Debtor also listed $310 per month for electricity and heat expenses on Schedule J, but the utilities associated with the boat are included in the dockage fees. Again, Debtor did not explain this discrepancy. The Trustee argues that these unexplained expenses on Schedule J strongly indicate that Debtor was maintaining a residence other than the boat. Additionally, the Trustee offered anecdotal evidence that the boat was approximately 100 miles from Debtor's place of business and was named "Relaxation II."

The Panel holds that the bankruptcy court did not err in its determination that the Trustee carried his burden of rebutting the presumption that the exemption was allowable. The Trustee presented strong evidence that Debtor occupies a different residence than the boat. The burden then shifted to Debtor to establish that the boat was his primary residence at the time of filing. The bankruptcy court noted that Debtor presented

very little testimony or other evidence [ ] about . . . how [he] used the boat as his residence.  There was no testimony about whether or not the household goods listed on Schedule B were on the boat, the physical dimensions of the living space, the amenities, or how the Debtor was able to take care of his daily needs on the Sea Ray boat, other than asserting that he used the [ ]marina fax machine to conduct business.

*Aubiel*, 516 B.R. at 482.  Debtor attempted to explain that he only used his former marital home as a mailing address and that he simply had not changed the mailing address on any of the accounts.  However, he did not attempt to explain the entries for rent and utilities on Schedule J.  When asked by the Trustee what documentation he had to show that he lived on the boat, Debtor responded "some mail." (Tr. 69:11-16).  However, the only two pieces of correspondence offered into evidence by Debtor were dated well after the petition date.  (Tr. Exs. A, C, ECF No. 101).  Exhibit A was an envelope from Debtor's ex-wife, addressed to Debtor at the marina.  It was postmarked July 17, 2014.  Exhibit C was an automobile insurance bill addressed to a post office box about fifteen minutes from the marina, postmarked May 4, 2014.  Both of these pieces of correspondence were received well after Debtor filed the bankruptcy petition on September 13, 2013.  They provide little evidentiary support for the proposition that Debtor resided on the boat on the date of filing.

The record does not contain any evidence about many of the factors discussed in *Felgner*.  Neither party introduced evidence that shows if and where Debtor is registered to vote, whether he belongs to or attends any churches, clubs or unions, or if he has a doctor's office near the marina.  The record is devoid of evidence of the location of Debtor's personal property (other than the boat itself), the addresses on his driver's license and automobile registration, or where he files local tax returns.  The Trustee's evidence reveals that Debtor continues to use the former marital home as a mailing address for his bank accounts, and Debtor even listed it on his bankruptcy petition as his mailing address.  Accordingly, the Trustee's evidence supports a finding that the boat was not Debtor's residence as of the petition date.

The only evidence Debtor presented on the question of his residence was his own testimony.  Therefore, this case came down to whether or not Debtor was believable in his claim that the boat

was his primary dwelling place at the time the petition was filed. Noting that Debtor's credibility was tarnished by inaccuracies in his Statement of Financial Affairs and his Schedules[9], the bankruptcy court did not believe him.

> When findings are based on determinations regarding the credibility of witnesses, [Federal] Rule [of Civil Procedure] 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.

*Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575, 105 S. Ct. 1504, 1512 (1985)[10]. The Panel must give great deference to the bankruptcy court's determination regarding Debtor's credibility. Considering all of the evidence, the bankruptcy court's factual finding that the boat was not Debtor's place of dwelling is not clearly erroneous. As a result, the bankruptcy court did not make an error in law in concluding that Debtor is not entitled to claim a homestead exemption in his boat.

## CONCLUSION

The Panel AFFIRMS the bankruptcy court's determination that Debtor did not use the 46-foot Sea Ray boat as his principal place of residence. Accordingly, Debtor is not entitled to his claim of a homestead exemption in the boat. The Order Denying the Exemption and Ordering Turnover of the boat to the Trustee is AFFIRMED.

---

[9] Testimony elicited at trial revealed that Debtor failed to disclose on the Statement of Financial Affairs a payment to his daughter and several transfers of interests in real estate, and inaccurately listed his insurance costs on Schedule J. Debtor additionally failed to list on his Schedules two life insurance policies, another boat, two oil and gas leases, and a knife and gun collection.

[10] Rule 52 is made applicable in bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7052. The Panel holds that the same standard of review is applicable on appeal. See *supra* note 2.